JOHNSON *v.* STATE

No. 40945        December 1, 1958        107 So. 2d 91

*T. N. Gore, Ney M. Gore,* Marks, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

Holmes, J.

The appellant was convicted in the Circuit Court of Quitman County on an indictment charging him with assault and battery with intent to kill and murder one Edna Thomas by shooting her with a pistol. He was sentenced to serve a term of seven years in the State penitentiary, and from the judgment of conviction he prosecutes this appeal.

The State's proof consisted of the testimony of two witnesses, namely, J. D. Wiley, a negro, and L. V. Harrison, the Sheriff of Quitman County.

J. D. Wiley testified that he was at the Log Cabin in Newtown in Quitman County on Saturday night, January 18, 1958; that the Log Cabin was so constructed that there was a large front room and a little room behind the front room; that when he came to the Log Cabin the appellant and the victim of the alleged assault were standing up by the door in the little room and were "hugged up" and had their arms around each other; that the appellant had his right arm around the woman; that as he walked in the back door a gun went off; that he didn't know whether it was a gun or a fire cracker; that in about two minutes somebody came back and said, "somebody

shot a woman up there''; that he saw the woman sliding down the side of the wall, manifestly meaning that she was slumping down to the floor; that the appellant and the woman then went out the door and that he and others went out behind them; that the appellant had the gun by his side and that somebody said that he, referring to the appellant, was the one; that he didn't know either the appellant or the woman and didn't know the woman had been shot until somebody came back and told him.

L. V. Harrison, the Sheriff of Quitman County, testified that he investigated the shooting; that he went out to the Log Cabin every Saturday night about 10 or 10:30 o'clock, or somewhere between 10 and 11 o'clock; that on this particular night when he arrived there seemed to be a lot of excitement going on and that he tried to find out what it was and found ''that some colored fellow had shot a colored woman''; that he picked his name up as soon as possible and found him in about thirty minutes; that he did not see the woman that night but saw her on Tuesday following and talked to her in the hospital in Charleston; that the woman had been shot; that the shot entered the upper part of her breast and went down through her stomach and lodged in her backbone; that the bullet ranged at about a 45 degree angle; that the woman was paralyzed and unable to attend court; that he discussed the difficulty with the appellant and asked the appellant why he shot the woman and that he replied that she was talking to another man; that the appellant gave no other reason for having shot the woman; that the appellant did not claim that the woman was threatening him in any way at the time; that he asked the appellant the name of the person shot and the appellant told him that it was Edna Thomas; that he, the sheriff, recovered the pistol, which was a 22-calibre, 9-shot revolver.

The only testimony on behalf of the appellant was that given by the appellant himself. His testimony was

brief. He made the following statement: "I had my arm around this girl; my pistol was in my pocket; it liked to fell out of my pocket; I pulled it up like that and it went off and shot her; I started to the doctor with her and there was a truck setting in the road and I sideswiped it and this other boy came by and got the girl and put her in his car and carried her."

The victim of the alleged assault was not present at the trial and did not testify. The sheriff stated that she was paralyzed and unable to attend court. The record does not disclose the extent or degree of her paralysis and the State sought no postponment of the trial pending the probable recovery of the victim to the extent that her testimony might be procured at a later day or at a subsequent term of the court.

Upon the conclusion of the testimony the case was submitted to the jury and the jury returned its verdict of guilty in ten minutes.

The appellant conducted his own defense without the aid of counsel. He requested no instructions and made no motion for a directed verdict or for a new trial on the ground that the evidence was insufficient to support the charge in the indictment.

■■■ The only contention of the appellant on this appeal is that the evidence is insufficient to support the charge in the indictment. The State's response to this is that there was no motion for a new trial upon the ground that the evidence was insufficient to support the charge and that, therefore, this contention cannot be made for the first time on appeal. Of course, the general rule is that the contention that the verdict of the jury is insufficient to support the charge will not be entertained by the Supreme Court in the absence of a motion for a new trial assigning this ground. Clark v. State, 206 Miss. 701, 49 So. 2d 591; Conn v. State, 222 Miss. 427, 71 So. 2d 192; Poole v. State, 94 So. 2d 239; Youngblood v. State, 216 Miss. 202, 62 So. 2d 218.

We have also held it to be the rule, however, that where the evidence fails to convict the accused of the crime charged the point may be raised for the first time on appeal. Cogsdell v. State, 183 Miss. 826, 185 So. 206. In the Cogsdell case, the Court, speaking through Judge Griffith, said: "We hold that when the evidence wholly fails, when there is an entire absence of any evidence, to convict the accused of the crime charged in the indictment, the point may be raised for the first time on appeal." ▇▇ It is our conclusion that the case at bar comes within this latter rule. The evidence, in our opinion, fails to convict the accused of the crime charged in the indictment. There is no proof of any ill will, malice or enmity on the part of the appellant toward Edna Thomas and the parties were not engaged in any difficulty at the time the shot was fired. On the contrary, they had their arms around each other and were engaged in an embrace. The testimony of the appellant and the State's eye witness, J. D. Wiley, clearly establishes an accidental shooting. The range of the bullet which entered the upper part of the victim's breast and ranged downward at a 45-degree angle through her stomach and into her backbone is more consistent with an accidental rather than an intentional discharge of the pistol. The only incriminating evidence in this record is the testimony of the sheriff that when he asked the appellant, who was then in his custody, why he shot the woman, he replied that she was talking to another man. No explanation appears in the evidence as to why the appellant made this statement. He gave no explanation of it in his testimony and he was not cross-examined by the State. Of course, this statement alone is not sufficient to support a conviction. Furthermore, the statement is entirely contradictory of the testimony of J. D. Wiley, the State's only eye witness. According to the testimony of this witness, the victim of the alleged assault was not talking to another man at the time the pistol discharged, but on the contrary, she and the appellant were engaged

in an embrace with their arms around each other. Thus except for this statement which the sheriff ascribed to the appellant, all of the other evidence in the case is exculpatory of the appellant. We are unwilling, therefore, on this record to permit this conviction to stand, and it follows that the judgment of conviction must be and it is reversed and the cause remanded.

Reversed and remanded.

*McGehee, C. J.,* and *Hall, Ethridge* and *Gillespie, JJ.,* concur.