WOODALL *v.* STATE

No. 41025          December 15, 1958          107 So. 2d 598

*Cunningham & Cunningham,* Booneville, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ARRINGTON, J.

Billy Joe Woodall was convicted of an assault with intent to kill and murder one Harold Hinton, and sentenced to five years in the penitentiary, three years of the sentence being suspended, from which judgment he appeals.

The record discloses the following facts: The appellant lived with his father in the City of Corinth. On the evening of November 5, 1957, the police officers received a call to come to the C. R. Woodall home for the appellant; the prosecuting witness, Harold Hinton and Don

Watkins went to the home and parked their car in the street; at that time the appellant came out with a 410-guage shotgun in his hands, and, in the officers' words, "flopped that lever action over and pushed it." The officers remained in the car and the appellant approached the car pointing the gun at the officers and stating he was going to kill both of them. At this time, Hinton opened the door of the car and attempted to grab the gun but missed it; the appellant's father then grabbed the appellant, hitting him several times in the face, and the gun dropped to the ground. The officers arrested the appellant and carried him to jail, leaving the gun with the appellant's father. Later that evening, they returned and picked up the gun. Coleman Rogers, policeman, upon examining the gun, found that a live shell was in the gun, however, the shell was only partially in the firing chamber, lacking one-fourth of an inch from going in the barrel so that the breech lock would close and the gun could be fired. All of the officers testified that the gun was jammed and would not shoot in this condition. One of the officers also testified that three shells were found in the appellant's pocket. The gun was before the jury, however, none of the shells could be found. The testimony of the officers was that the appellant was drinking and "mean drunk", but he knew what he was doing.

There are a number of assignments argued, however, in view of our conclusion, the only one we consider is whether the evidence was sufficient to sustain the verdict of assault with intent to kill and murder. Section 2011, Volume 2A, Mississippi Code of 1942, provides, in part, as follows: "Every person who shall be convicted of shooting at another, or of attempting to discharge any firearms or airguns at another, wilfully; or of any assault or assault and battery upon another with any deadly weapons or other means or force likely to produce death, with intent to kill and murder. . . ."

The evidence on the part of the State shows that the gun was not fired and that it could not be fired in the condition it was in; that there was no battery and no attempt to use the gun as a club. In the case of Vaughn v. State, 11 Miss. 553, the Court held: ''When an indictment charges a shooting with a felonious intent, it must be proved that the gun was so loaded as to be capable of doing the mischief alleged to be intended.''

In Daniels v. State, 196 Miss. 328, 17 So. 2d 793, we held: ''Both the nature of the means used and the quality of the purpose are essential elements of the crime charged. The weapon must be 'deadly', or the means likely to produce death, and the intent must be murder.''

In the instant case, the shotgun was not fired and according to all of the evidence was incapable of being fired, and was not a deadly weapon within the meaning of Section 2011, supra. We are of the opinion that the evidence is insufficient to sustain the crime of assault with intent to kill and murder, however, the evidence was ample to sustain a conviction of simple assault. It follows that the verdict will be affirmed as a conviction for simple assault, and remanded for proper sentence. Griffen v. State, 196 Miss. 528, 18 So. 2d 437.

Affirmed and remanded.

*Roberds, P. J.,* and *Lee, Kyle* and *Gillespie, JJ.,* concur.