### King *v.* State

No. 43652          December 17, 1965          181 So. 2d 158

*John T. Green, Frank W. Walden,* Natchez, for appellant.

164

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, P. J.

In the Circuit Court of Adams County Hershey King, appellant, was indicted for murder, found guilty of manslaughter, and sentenced to five years in the state penitentiary. The defense was that the shooting was accidental. We hold the conviction is against the great weight of the evidence, and reverse and remand the case.

The deceased, George Young, was shot in the head with a .22 pistol around 10:00 p. m. on October 3, 1964. The bullet entered his head under the nose and ranged upward, lodging between the brain and the skull. The parties were at Dixie Inn, a bar and poolroom in Natchez. The only witness for the state who said she saw the shooting was Effie Cobbing, a Negro woman 67 years of age. She was the mother of Young, and a former mother-in-law to the defendant. She testified

that King stated earlier, "I am going to kill me somebody before daylight in the morning." King, Young, and Brown were talking together at the bar. There were no harsh words and everything seemed to be pleasant and peaceful. King aimed the pistol at Young's back, and when someone walked in the door Young looked around and King shot him in the face. She was standing at the corner of the bar, with her hand under her chin.

On the other hand, the defendant testified that when he left home, he put his gun in his pocket, so that he could pawn it in order to get gas turned on at his house. He and Young were standing sideways at the bar, talking pleasantly. There was no argument, and Brown was near them, also engaged in the conversation. King had the gun wrapped in a handkerchief. He reached in his pocket to get money to pay for a beer, and, when he pulled the money out, the handkerchief and pistol came with it. He tried to catch the pistol, but it fell on the floor and fired, hitting Young. He picked it up. Effie screamed that he shot her son, and his wife asked him whether he shot the man, to which he replied he did not. He and his wife left and went home. King said that he had no intention of shooting Young, they were good friends and had no quarrel.

Effie Cobbing agreed that there was no argument, Young and the defendant were living in the same house, they got along well, and "never had no cross word and I don't see what caused it." She admitted that after the shooting King denied he did it. No other witness saw the alleged shooting. Ida Mae Covington worked at the Dixie Inn, and testified for the state. She was working behind the counter and heard the shot, after which she looked around and saw Young fall. She did not see a gun on the floor, but said that Effie was looking toward the door, and it would have been impossible for her to see King at the time. Walter Brown

was talking with Young and King. There was no quarrel, and they were friendly. He did not see or hear the shot, and did not observe defendant pick up a gun. Collins, manager of the Dixie Inn, was in the poolroom when the shooting occurred. His statement that Effie Cobbing was in a position where she could see the incident thus was of little value.

Young was shot on October 3, and was sent to the University Hospital in Jackson for possible neurosurgery. None was performed, and he was discharged around October 10, returning to his home in Natchez. Apparently he was recuperating, and because he was seen riding in a truck and in the community. On October 22 he began hemorraging and was admitted to a Natchez hospital, where he died on October 26, over three weeks after the incident. The cause of death was the gunshot wound. Hospital admission records did not reflect any gunpowder burns on Young's face.

The verdict is against the great weight of the evidence. Effie Cobbing's testimony is contradictory and unsatisfactory in many respects, including her position at the time of the shooting, whether she could have or did see it, the failure of any other witness to see a gun in defendant's hands, and her statement that there were only 3-4 people in the Dixie Inn when all others said there were 25-30. She admitted that Young and the defendant were friendly and had no quarrel, and there was no reason for the incident. The state's witnesses agreed that immediately after it, King denied that he shot the man. Young lived for 23 days, and made no accusations against defendant, although during most of this time he was able to do so. King's version of what happened under all of the circumstances is reasonable. The state's evidence, although sufficient to withstand a peremptory instruction, is weak on the issue of whether the shooting was deliberate or in the heat of passion. Yet the jury was entitled to consider Effie Cobbing's

testimony, and the facts that no witnesses saw King pick the gun off the floor, and he was packing his suitcase when officers arrived to arrest him.

Done v. State, 202 Miss. 418, 32 So. 2d 206 (1947), reversed a conviction of murder and discharged the defendant. He turned his car into a ditch in order to avoid cows, and this threw his wife against the windshield. The defense was that this accident dislodged a pistol in the glove compartment and threw it on the floor, which caused it to discharge and kill his wife. The facts that she was conscious for forty minutes after reaching the hospital and made no accusation against her husband, the relative positions of the parties in the car, and the angle of the shot and the absence of powder burns, supported defendant's version. In Johnson v. State, 234 Miss. 441, 107 So. 2d 91 (1958), his conviction of assault and battery with intent to kill was reversed and the cause remanded. Defendant and a woman were standing by the door in a small cafe. He had his arm around her when she was shot. His version was that the pistol in his pocket fell on the floor, and it discharged, shooting the woman. There was no proof of any ill will or malice by defendant toward the woman, and the range of the bullet and other circumstances reflected an accidental shooting. See Bethley v. State, 13 So. 886 (Miss. 1896).

██ █ No criminal responsibility attaches to a slaying which is the result of accident or misadventure in the true sense of those terms. ██ █ Accordingly, an accused in a prosecution for homicide may set up accident or misadventure as a defense. ██ █ However, the burden of proving a criminal intent remains on the prosecution. 26 Am. Jur. *Homicide* §§ 106, 220, 221 (1940) ; 46 C. J. S. *Homicide* § 16 (1944). ██ █ In the instant case the state has not sufficiently met that burden beyond a reasonable doubt. On the contrary, the great weight of the evidence is against the verdict. Accordingly, the

judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

*Rodgers, Brady, Jones and Smith, JJ.,* concur.