GILLESPIE, Chief Justice :
Charles Corley, Jr., appellant, was convicted in the Circuit Court of George County of assault and battery with intent to kill and murder one Claude Passeau, Sheriff of George County, Mississippi, and sentenced to serve a term of eight years in the penitentiary.
Sheriff Passeau was summoned to a truck stop in George County as a result of disturbances that had occurred at several places. Sheriff Passeau had received a description of three young men said to be involved, and the tag number of the car in which they were traveling. The sheriff saw the three men at a truck stop and drove his car around in front of their car, which was owned and driven by Corley. He got out of his car and went to their car, identified himself as the Sheriff of George County, and told them they were under arrest. Corley got out of his car and the sheriff took Corley by the arm, walking to the sheriff’s car.
In the meantime, James Glover got out of the right side of Corley’s car and grabbed the sheriff. After Glover refused to let the sheriff go, the sheriff pulled his gun and struck Glover on the head. Glover “bear-hugged” the sheriff and they fell. Corley either took the gun out of the sheriff’s hand when the sheriff fell to the concrete, or picked it up after the sheriff turned it loose in falling. Glover then hit and kicked the sheriff. Corley had the gun and was pointing it at the boys who were standing around the truck stop, telling them to “get back.” Then he held the gun on the sheriff, who was then trying to persuade Corley to give him his gun. At this point, Glover took the gun from Corley. Then Corley, Glover, and Corley’s younger brother drove away.
Corley did not fire the weapon, nor did he hit the sheriff with it. When the sheriff struck Glover on the head with the pistol, or when he fell to the concrete, the trigger guard was bent in such a way that *386 the gun could not be fired. Corley did not strike the sheriff with his fists or kick him. It is clear from the record that it was James Glover, not Corley, who was the real assailant of the sheriff.
There are a number of assignments argued, however, in view of our conclusion, the only one we consider is whether the evidence was sufficient to sustain the verdict of assault with intent to kill under Mississippi Code 1942 Annotated section 2011 (1956).
The State had the burden of proving a specific intent to kill and murder the sheriff. Hydrick v. State, 246 Miss. 448, 150 So.2d 423 (1963). Both the nature of the means used and the quality of the purpose are essential elements of the crime. Daniels v. State, 196 Miss. 328, 17 So.2d 793 (1944). Where the evidence shows that the gun involved in a case such as the one before us could not be fired in the condition it was in when the alleged crime was committed, and there was no attempt to use the gun as a club, the evidence is insufficient to sustain the conviction of the crime of assault with intent to kill and murder. Woodall v. State, 234 Miss. 759, 107 So.2d 598 (1958).
In this case the evidence is undisputed that the gun held by Corley was incapable of being fired. He made no attempt to strike the sheriff with the gun, nor did he strike the sheriff with his hands or feet.
It is true that the sheriff was seriously injured by James Glover. Assuming, arguendo, that Glover was guilty of assault and battery with intent to kill and murder (in the oral argument it was stated that he was found guilty of simple assault and battery), the State does not contend that Corley was responsible for Glover’s acts because of community of action on the theory that Corley abetted Glover. The evidence was ample to justify conviction for assault and battery, and as such, the conviction is affirmed and remanded to the trial court for proper sentencing.
Reversed as to assault and battery with intent to kill and murder; affirmed as to assault and battery, and remanded for re-sentencing.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.