295 So.2d 742 (1974)
Robert Lewis MACON
v.
STATE of Mississippi.
No. 47932.
Supreme Court of Mississippi.
June 4, 1974.
*743 Ben F. Hilbun, Jr., Starkville, for appellant.
A.F. Summer, Atty. Gen. by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Chief Justice:
Robert Lewis Macon was convicted in the Circuit Court of Webster County of the crime of assault upon the sheriff with a deadly weapon in resisting arrest. From a judgment sentencing him to a seven-year term in the penitentiary, Macon appealed to this Court.
Sheriff W.E. Middleton of Webster County had a warrant issued in Calhoun County for the arrest of Macon. Previous efforts to apprehend him had failed. On the night in question, the sheriff and six other officers went to the home of Macon's father, and the sheriff and Highway Patrolman Woods went to the back door while Sheriff Mooneyhan of Calhoun County and his deputy went to the front door. Sheriff Middleton knocked on the back door, and Travis Macon, Robert's father, came to the door and asked the sheriff, "What the damn hell I was doing back down there... ." The sheriff said, "We have come after Robert and [have] the necessary papers... ." As the sheriff pulled the door back, Travis Macon pushed him down the steps. The sheriff caught Travis Macon's arms and held him up as they went backwards. Travis Macon was talking in a loud voice. Robert Macon then came to the door and said, "Bill Middleton, you son-of-a-bitch, you've gone too damn far this time. I'm gonna blow your God-damn guts out." At this point the sheriff heard the "rack" of a gun and Robert Macon "run the shotgun out the door in my face." The sheriff pulled Travis Macon to a position between him and the shotgun. Patrolman Woods was hollering for Macon to drop the gun, and said if he didn't, he, Woods, would start shooting. Robert Macon dropped the gun, ran back into the house and was later arrested and taken to jail.
The appeal raises the following questions:
1. Was the defendant entitled to an acquittal on the ground that he was deprived of a speedy trial?
The crime was committed on February 20, 1972. On April 8, 1972, Macon was bound over by the justice of the peace to await action of the grand jury. No grand jury was called for the scheduled May, 1972, term of the Circuit Court of Webster County, although section 158 of the Mississippi Constitution of 1890 requires that circuit court shall be held in each county at least twice in each year. The trial was held on December 2, 1972.
In Wells v. State, 288 So.2d 860 (Miss. 1974), the Court stated that a balancing test necessarily compels the court to approach speedy trial cases on an ad hoc basis. The opinion identified the four factors which the court should assess in determining whether a particular defendant has been deprived of a speedy trial: (1) length of delay; (2) reason for delay; (3) defendant's assertion of his rights; and (4) *744 prejudice to the defendant. Measured by these factors, the delay was not unreasonable.
The reason for the delay was that a grand jury was not called for the May term. The record is absent of any showing that defendant was prejudiced. Therefore, the Court holds that the defendant was not entitled to be discharged on the asserted ground that he did not receive a speedy trial. He argues, however, that the Constitution of Mississippi required the court to be held and he was thus denied a constitutional right to have a court convene a grand jury and be tried at the May term. We hold that the mere fact that the court did not call a grand jury at the May term does not entitle the defendant to be discharged.
2. Did the trial court err in failing to sustain defendant's demurrer to the indictment on the ground that the statute under which he was indicted is too vague and ambiguous?
Macon cites no authorities to support this argument. The statute is presumptively valid, and we hold that it is neither vague nor ambiguous and find no merit in this contention.
3. Did the court err in overruling defendant's objection to introduction of the warrant for Macon's arrest?
Defendant objected to the admissibility of the warrant on the ground (1) that the return date on the warrant was erroneous; (2) that the warrant was not returned to Calhoun County, and (3) that the warrant was not docketed by the sheriff of Webster County. The sheriff's return showed that he arrested Robert Macon and locked him in the Webster County jail. The return was dated February 19, 1972, which was sometime after the arrest. The validity of the arrest did not depend upon when the return was made. All of the grounds for objection concerned what happened after the arrest and did not affect the validity of the warrant or arrest.
In another assignment of error, Macon raises the question whether he was entitled to a directed verdict because the warrant should have been excluded. We find no merit in this contention. The evidence clearly justified the jury in finding that the sheriff lawfully arrested the defendant and executed a valid arrest warrant.
4. The overwhelming weight of the evidence in this case shows that the gun used by Robert Macon in threatening the sheriff was not loaded. This raises the question whether defendant can be convicted of a felony under section 97-3-7, Mississippi Code Annotated (1972), when the gun used is not loaded. This section is as follows:
Every person who shall be convicted of shooting at another, or of attempting to discharge any firearms or air-guns at another, wilfully; or of any assault or assault and battery upon another with any deadly weapons or other means or force likely to produce death, with intent to kill and murder or to maim, ravish, or rob such other person; or in the attempt to commit any murder, rape, manslaughter, burglary, larceny, or other felony; or in resisting the execution of any legal process, or any officer or private person lawfully attempting to arrest him or any other person  shall be imprisoned in the penitentiary not more than ten years, or shall be punished by a fine of not more than one thousand dollars, or by imprisonment in the county jail not more than one year or by both.
It will be noted that this statute specified a number of different crimes. The part of the statute under which Robert Macon was convicted is as follows:
Every person who shall be convicted ... of any assault or assault and battery upon another with any deadly weapons or other means or force likely to produce death, ... in resisting ... any officer .. . lawfully attempting to arrest him ... shall *745 be imprisoned in the penitentiary not more than ten years, or shall be punished by a fine of not more than one thousand dollars, or by imprisonment in the county jail not more than one year or by both.
Most of the cases arising under this statute have been indictments charging assault or assault and battery with intent to kill and murder. The Court has held that the gist of the action is the specific intent to kill and murder. Corley v. State, 264 So.2d 384 (Miss. 1972). And in a number of cases it has been held that when the evidence shows that the gun involved in such an assault could not have been fired in the condition it was in when the alleged attempt was committed, either because of a defect in the mechanism or because it was empty, and there was no attempt to use the gun as a club, the evidence was insufficient to sustain the conviction of the crime of assault with intent to kill and murder. Woodall v. State, 234 Miss. 759, 107 So.2d 598 (1958). Since the specific intent to commit murder is an element of the crime of assault with intent to kill and murder, it is essential that the means as used be capable of inflicting death, because it cannot be said that the accused intended for the gun to accomplish that which it was impossible to do.
The evil intended to be curbed by the statute with reference to an assault with a deadly weapon in resisting arrest is different from that involved in assault with intent to kill and murder. Undoubtedly the legislature intended to make it a felony to use a deadly weapon capable of assisting the accused in resisting lawful arrest, or in provoking the officer to shoot the accused. An empty gun can be as effective in resisting arrest or in causing the sheriff to shoot the arrestee as a loaded gun. No specific intent is involved in the crime of using a deadly weapon in resisting arrest. Therefore, it is not essential that the gun be loaded or capable of firing. The gun was a deadly weapon even though it was not loaded. Cf. Cittadino v. State, 199 Miss. 235, 24 So.2d 93 (1945).
We find no reversible error, and the judgment is affirmed.
Affirmed.
PATTERSON, SMITH, ROBERTSON and SUGG, JJ., concur.