317 So.2d 25 (1975)
Joe MAROONE, Jr.
v.
STATE of Mississippi.
No. 48530.
Supreme Court of Mississippi.
July 28, 1975.
Rehearing Denied August 18, 1975.
*26 Sullivan, Sullivan & Keyes, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Catherine Walker, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, SMITH and BROOM, JJ.
BROOM, Justice:
Resisting arrest as prohibited in Mississippi Code Annotated section 97-3-7 (1972) was the charge for which Maroone was indicted and convicted in the Circuit Court of Madison County. Nine years in the state penitentiary was the sentence ordered by the trial judge. We affirm.
On the afternoon of May 5, 1974, the sister-in-law of the appellant caused warrants to issue from a justice of the peace charging the appellant and his mother with assault and battery upon her. The charges emanated from a dispute over the spilling of a cup of coffee on the child of the appellant. By telephone Maroone was advised by the justice of the peace of the warrant and asked to come in and make bond. Maroone refused to do so, insisting that he was innocent and stating that he was armed and wasn't going to be brought in.
Thereafter, between 10:30 p.m. and midnight, Deputy Sheriff Graves, accompanied by Constable Bowering and Bobby Brown, who was deputized and armed by the justice of the peace, journeyed to the appellant's residence to arrest him. Upon arrival the automobile's lights were trained upon Maroone's home where he was observed within armed with a rifle and pistol.
Maroone refused a request of the officers to come out even though advised by Bowering, the constable: "Joe, I have a shotgun pointed at you. Put your gun down and come out of the house." When importuned by his mother, who lived next door, Maroone consented to come out of the house to discuss the matter, but was adamant that he had done nothing and was not going anywhere.
Maroone carried a cocked rifle with the barrel pointing downward and a holstered pistol on his hip when he emerged from the house. He refused requests by his mother and Graves to put these weapons down. When he approached to within six to eight feet of Graves and while being urged by his mother to put the gun down, he was told by Graves: "You're under arrest and you're going." Whereupon, according to Graves, Maroone jumped and the gun barrel came up with the following result: "I made a dive for the barrel and as soon as I grabbed the barrel of the gun just to move it out of my stomach, it went off and I took him on to the ground." The bullet from the rifle struck the holstered pistol of Graves and it also went off. A fragment of one of the bullets entered Graves' leg.
Maroone was subdued and later posted bond on the original warrant. The next day he was rearrested on the present charge.
Maroone's version of the affray was that he was physically charged by Graves while he was going out to confer with the officers and the gun fired only when it was jerked by the officer.

I.
The first point assigned as error is that the indictment was invalid and the court should have sustained the demurrer to it. We reject this argument.
The indictment, minus its formal parts, appears as follows:
... That Joe Maroone, Jr. in said County and State on the 5th day of May, A.D., 1974 did then and there willfully, unlawfully and feloniously in and upon the person of one Don Graves, Deputy Sheriff of Madison County, Mississippi, *27 with a certain deadly weapon, to-wit: a rifle, an assault make, and he the said Joe Maroone, Jr., with the rifle aforesaid did willfully, unlawfully and feloniously resist the execution of legal process upon himself by the said Don Graves and did willfully, unlawfully and feloniously shoot and wound the said Don Graves while the said Don Graves was lawfully and in the discharge of his official duties attempting to arrest the said Joe Maroone, Jr., contrary... .
The statute before us, Mississippi Code Annotated section 97-3-7 (1972), specified a number of crimes; the part of the statute under which Maroone was indicted is:
Every person who shall be convicted ... of any assault or assault and battery upon another with any deadly weapons or other means or force likely to produce death, ... in resisting ... any officer .. . lawfully attempting to arrest him ... shall be imprisoned in the penitentiary not more than ten years, ...
As we have held before, the purpose in enacting the statute was to make using a deadly weapon while resisting an arrest a felony. "The evil" which the legislature sought to curb by passing the statute is not the same as that involved in cases of assault with intent to kill and murder. Macon v. State, 295 So.2d 742 (Miss. 1974). Though the indictment before us is not the most artfully drawn, we think it complies with the statute, and adequately advised the appellant of the nature of the charge against him. It is our opinion that the acts charged against appellant in the indictment are not separate and distinct offenses but in reality constitute ingredients of one principal offense. If it can be said that the indictment describes more than one act, such acts are incidental to the principal offense, and relate to a description of and are not inconsistent with the principal offense. Said another way, each action of the appellant described in the indictment is but a part of a single episode, that is, resisting arrest.

II.
Argument is made on behalf of Maroone that the verdict of the jury was against the overwhelming weight of the evidence but we find no merit in this contention. This question is not properly before us because the appellant made no motion for a new trial, which is a prerequisite to raising such a point on appeal. Neves v. State, 268 So.2d 890 (Miss. 1972); Colson v. Sims, 220 So.2d 345 (Miss. 1969). However, perusal of the record shows that the jury had before it conflicting versions of what happened and we cannot say that its finding was not justified by the evidence.

III.
Other errors are assigned with reference to the granting and refusing of different instructions but we find that the jury was adequately instructed on the elements of the charge, the state's burden of proof, and the applicable law. When the totality of the jury instructions given to the jury is considered as a whole, we cannot say that the jury was misled by the granting of any or all of the instructions. Myrick v. State, 290 So.2d 259 (Miss. 1974).
What started as a painful but relatively insignificant event  the spilling of a cup of coffee on a child  terminated in what obviously was considered by the jury and the trial judge to be a serious violation of our law against resisting arrest. When a citizen arms himself with a deadly weapon (a rifle), cocks it, declares that he will not be brought to jail upon a warrant, and then, with his finger on the trigger, points, and aims the rifle at and shoots an arresting officer, he places himself within the category of persons subject to the penalties prescribed by the legislature in section 97-3-7, supra. Such were the actions of appellant, who received a fair *28 trial, and accordingly the judgment appealed from must be allowed to stand.
The case was considered by a conference of the Judges en banc.
Affirmed.
GILLESPIE, C.J., and INZER, ROBERTSON, SUGG and WALKER, JJ., concur.
PATTERSON, J., dissents, and RODGERS, P.J., and SMITH, J., join.
PATTERSON, Justice (dissenting):
I regret that my conclusions differ from those of a majority of the justices. I trust the following remarks in dissent will lend some support to my conclusion that the indictment charges two crimes in one count and that the lower court erred in not sustaining a demurrer to it.
Mississippi Code Annotated section 97-3-7 (1972) sets forth various crimes relating to assault, assault and battery or the attempt to commit either. The statute has created much confusion which is evidenced by the multitude of annotations following it. The legislature has wisely amended it by enacting Section 3, Chapter 458, Laws of 1974. Hopefully, the amendment will alleviate the difficulties of the old statute.
Section 97-3-7 (1972) designates several crimes separate and distinct from each other, but nevertheless, capable of encroaching upon the other, leaving doubt many times to the precise charge of an indictment. I think it not unreasonable that the statute makes felonies of the following:
Every person who shall be convicted
1. Of shooting at another, or of attempting to discharge any firearms or air-guns at another, willfully; or
2. Of any assault upon another with any deadly weapons or other means or force likely to produce death, with intent to kill and murder or to maim, ravish, or rob such other person; or
3. Of any assault and battery upon another with any deadly weapons or other means or force likely to produce death, with intent to kill and murder or to maim, ravish, or rob such other person; or
4. In the attempt to commit any murder, rape, manslaughter, burglary, larceny, or other felony; or
5. In resisting the execution of any legal process, or
6. Any officer or private person lawfully attempting to arrest him or any other person 
shall be imprisoned, etc.
In Macon v. State, 295 So.2d 742 (Miss. 1974), we acknowledged the statute specified a number of crimes. We stated relative to the crime of resisting arrest:
The evil intended to be curbed by the statute with reference to an assault with a deadly weapon in resisting arrest is different from that involved in assault with intent to kill and murder. Undoubtedly the legislature intended to make it a felony to use a deadly weapon capable of assisting the accused in resisting lawful arrest, or in provoking the officer to shoot the accused. An empty gun can be as effective in resisting arrest or in causing the sheriff to shoot the arrestee as a loaded gun. No specific intent is involved in the crime of using a deadly weapon in resisting arrest. ... 295 So.2d at 745. (Emphasis added.)
According to the majority, Maroone was indicted and convicted of the crime of resisting arrest. I concur in this conclusion since the indictment after identifying the parties, the place and the date, states: "... with a certain deadly weapon, to-wit: rifle, an assault make, and he the *29 said Joe Maroone, Jr. with the rifle aforesaid did willfully, unlawfully and feloniously resist the execution of legal process upon himself by the said Don Graves... ." This charge, resisting the execution of legal process, the process being a justice's warrant for arrest, coincides with one of the crimes of the statute and with the construction placed thereon in Macon, supra. It will be noted the charge of assault with a rifle in resisting the execution of legal process is the same as resisting arrest since the process was an arrest warrant.
Unfortunately, the indictment does not conclude with this charge. It continues with "and did willfully, unlawfully and feloniously shoot and wound the said Don Graves while the said Don Graves was lawfully in the discharge of his official duties attempting to arrest the said Joe Maroone, Jr." In my opinion this charge, willfully shooting and wounding, is distinct from the foregoing inasmuch as it embraces an assault and battery with a deadly weapon, the words following, "while ... Don Graves was... attempting to arrest ...," being merely descriptive of the time of the occurrence.
The first charge, resisting the execution of legal process sets forth a violation of the statute, but one which does not necessarily involve a specific intent. Macon, supra. The second charge, in my opinion, sets forth a different violation of the statute, a violation necessitating intent since the charge is willfully shooting and wounding. I think it more logical that the language of the second hypothesis was intended to specify an alternative crime in the indictment rather than being surplusage since it was repetitious of the first charge. At best, it is confusing since it required the appellant to determine whether there were in fact two charges or merely one charge with a subsequent repetition of it or whether the first charge was surplusage by way of being a lesser element of the second charge even though the penalty for both is the same.
The confusion of the indictment[*] raises this hypothetical query: Could the appellant *30 plead guilty to resisting the service of legal process by assault and defend a subsequent charge of assault and battery by willfully shooting and wounding through a plea of former jeopardy? I think he could not and that the indictment is invalid because it embodies two separate crimes in one count.
Assuming, as I do, that the office of an indictment is to apprise the defendant of the charge or charges against him in fair and intelligible language (1) so that he may prepare his defense, and (2) so that it may form the basis of a plea of former jeopardy in a subsequent proceeding by being stated with particularity of detail [Umphress v. State, 295 So.2d 735 (Miss. 1974), and Westmoreland v. State, 246 So.2d 487 (Miss. 1971)], I cannot concur with the majority in concluding this indictment meets the above requirements when its confusion seems obvious.
I think that an accused facing a criminal violation with a possible term of ten years in the penitentiary is entitled to a plain statement in intelligible language by an indictment [Wortham v. State, 219 So.2d 923 (Miss. 1969)] rather than one merely capable of being deciphered and justified by "when a citizen arms himself with a deadly weapon (a rifle), cocks it, declares that he will not be brought to jail upon a warrant, and then, with his finger on the trigger, points, and aims the rifle at and shoots an arresting officer, he places himself within the category of persons subject to the penalties prescribed by the legislature in section 97-3-7, supra." since this leaves unanswered, for what crime of the several under the statute?
I would reverse and remand to the grand jury of Madison County for proper reindictment.
RODGERS, P.J., and SMITH, J., join in this dissent.
NOTES
[*] -------------------------------------------------------------------------
| INDICTMENT |
| THE STATE OF MISSISSIPPI CIRCUIT COURT |
| Madison County September Term, A.D., 1974 |
| MADISON COUNTY |
| |
| The Grand Jurors for the State of Mississippi, taken from the body |
| of good and lawful persons of Madison County, in the State of |
| Mississippi, elected, impaneled, sworn and charged to inquire in and |
| for said County and State aforesaid, in the name and by the authority |
| of the State of Mississippi, under their oaths present: That |
| |
| Joe Maroone, Jr. |
| |
| in said County and State on the 5th day of May, A.D., 1974 did then and |
| there willfully, unlawfully and feloniously in and upon the person of |
| one Don Graves, Deputy Sheriff of Madison County, Mississippi, with a |
| certain deadly weapon, to-wit: a rifle, an assault make, and he the |
| said Joe Maroone, Jr., with the rifle aforesaid did willfully, |
| unlawfully and feloniously resist the execution of legal process upon |
| himself by the said Don Graves and did willfully, unlawfully and |
| feloniously shoot and wound the said Don Graves while the said Don |
| Graves was lawfully and in the discharge of his official duties |
| attempting to arrest the said Joe Maroone, Jr., |
| |
| contrary to the form of the statute in such cases made and provided, |
| and against the peace and dignity of the State of Mississippi. |
| |
| Robert Willis James H. Herring |
| Grand Jury Foreman District Attorney |
 --------------------------------------------------------------------------