375 So.2d 405 (1979)
Charles L. MEDIOUS
v.
STATE of Mississippi.
No. 51419.
Supreme Court of Mississippi.
October 3, 1979.
*406 Henry E. Pope, Columbia, for appellant.
A.F. Summer, Atty. Gen. by Karen Gilfoy, Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, LEE and BOWLING, JJ.
LEE, Justice, for the Court:
Charles L. Medious was indicted, tried and convicted in the Circuit Court of Marion County for simple assault upon a law enforcement officer, and was sentenced to serve a term of four (4) years in the state penitentiary. He appeals and assigns one error, that the verdict was against the overwhelming weight of the evidence.
The appellant requested a peremptory instruction of not guilty, which was denied. He did not file a motion for new trial on the ground that the verdict was against the overwhelming weight of the evidence. The trial court, therefore, did not have the opportunity to pass upon the assignment of error presented here and, under Maroone v. State, 317 So.2d 25 (Miss. 1975), and numerous other cases, the question cannot be raised for the first time on appeal. An exception to the rule is that when the evidence wholly fails to sustain the charge in the indictment and the record contains no evidence which would support the conviction, the point may be raised in this Court. Johnson v. State, 234 Miss. 441, 107 So.2d 91 (1958).
The evidence here is conflicting as to whether or not appellant assaulted Police Officer Donald Davis. The testimony of Officer Davis was positive that appellant struck him and assaulted him. That testimony is corroborated in part by other witnesses. Appellant testified that he did not strike or assault Officer Davis and his testimony was corroborated by two (2) witnesses. Upon the evidence, there was an issue as to the guilt of the appellant, the question was decided against him, and the evidence supports the jury's verdict.
Although the question of whether or not the verdict was against the overwhelming weight of the evidence was not preserved in the trial court, we treat the assignment as whether or not the court erred in refusing to grant a peremptory instruction of not guilty and affirm. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); Warn v. State, 349 So.2d 1055 (Miss. 1977); and Vickers v. State, 323 So.2d 743 (Miss. 1976).
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.