463 So.2d 1059 (1985)
Leonard Roosevelt BAILEY
v.
STATE of Mississippi.
No. 54572.
Supreme Court of Mississippi.
January 30, 1985.
*1060 Wade M. Baine, Gulfport, for appellant.
Bill Allain, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., SULLIVAN and ANDERSON, JJ., and SUGG, Retired Supreme Court Justice[1]:
SULLIVAN, Justice, for the Court:

I.
Leonard Roosevelt Bailey was convicted in the Circuit Court of Harrison County, Mississippi, of burglary of a dwelling and was sentenced as an habitual offender to ten years imprisonment without parole. On appeal, he contends that he was deprived of his right to a speedy trial. We reverse on this issue, and thus we do not reach Bailey's contention regarding deprival of assistance of counsel and allegedly improper remarks by the prosecutor.
On April 10, 1981, Bailey was on parole from a controlled substance conviction. About 9:30 that evening, David Gammel drove up to his home in Gulfport to discover a burglary in progress. He chased an automobile from the scene, which was later identified as Bailey's, and he testified that he saw Bailey in his headlights for about five or ten seconds during that chase. Gulfport police detective Ford found Bailey's automobile abandoned on a street corner in Gulfport. As Ford prepared to have the vehicle towed to the police station, a pickup truck with three men drove up, and Bailey got out. Ford placed Bailey under arrest.
Bailey's parole was revoked as a result of this arrest on burglary charges, and he was returned to Parchman in April of 1981 to serve out the remainder of his sentence for the controlled substance conviction.
He appealed to the Parole Board at Parchman and was informed that until the detainer warrant lodged against him by the Sheriff of Harrison County was removed, he would not be eligible for parole. On July 24, 1981, Bailey mailed to the sheriff and the district attorney of Harrison County a document styled "Demand to be returned for trial/motion to dismiss/demand for trial/motion for appointment of counsel." This document was prepared by the prison law library staff and contained an affidavit reciting the adverse conditions imposed on prisoners by detainers. This statement reads:
EFFECTS OF DETAINER: The detainer interferes with Affiant's opportunities to participate in such programs as might decrease the length of his present term of confinement, or render the serving of it more bearable in that
(a) Mississippi Department of corrections inmates who have detainers lodged against them have reduced chances of being elevated to trusty status, and thus may lose opportunities to earn additional good-time or earned-time sentence reductions;
(b) Such inmates may not participate in the work-release program;

*1061 Furthermore, if affiant is held without trial on said detainer until his current sentence is completed, he will lose forever the chance that a sentence arising out of the detainer charge can be made to run concurrently with his present sentence.
The detainer, being unresolved, is a source of great anxiety to your affiant, causing him unrest and inability to plan for his future.
This document was filed with the Circuit Court of Harrison County on July 31, 1981, and was placed in Bailey's controlled substance conviction file. Almost three months later, on September 24, 1981, the Harrison County Grand Jury indicted Bailey for burglary and as an habitual criminal. Detective Ford, the case officer, knew from having testified at the parole revocation hearing that Bailey had been returned to Parchman, yet no effort was made to serve Bailey with an arrest warrant or a copy of the indictment at Parchman.
On February 26, 1982, Bailey was released from Parchman and returned to Gulfport. He was arrested on March 29, 1982, and charged with the April, 1981, burglary. At arraignment on April 7, 1982, he pled not guilty. His trial began on May 19, 1982.
A pretrial hearing was held on Bailey's motion to dismiss for lack of a speedy trial. Bailey, an illiterate, testified that the Parchman Parole Board told him that the only way he would become eligible for parole again was to file a motion for speedy trial in order to remove the detainer. He did so in July, 1981, but when he heard nothing from Harrison County during the remaining seven months of his sentence, he assumed that the charges against him had been dropped. He testified that because no action was taken on his motion for appointment of an attorney and his demand for trial, he had been unable to locate several witnesses with information regarding the theft of his car on the night of the burglary. He had the names and street addresses of two people who knew about the theft of his car from letters he had received while he was in Parchman, which were read to him. When no response was made to his demand for a speedy trial, and operating on the assumption that charges must have been dropped against him, Bailey threw the letters away when he was released from Parchman.
Bailey's father, Leonard Bailey, Sr., testified that on the evening of the Gulfport burglary his son was with him in Biloxi until Bailey, Sr. dropped him off near his home in Gulfport, whereupon Detective Ford arrested the defendant. Mr. Bailey could not directly confirm his son's assertion that the younger Bailey's car had been stolen.
The trial judge denied Bailey's motion to dismiss on the ground that he was being tried within 270 days, not only of arraignment but of indictment. Further, the trial judge found that Bailey failed to demonstrate prejudice resulting from the delay. Bailey was then tried and convicted of burglary of a dwelling and was sentenced to ten years imprisonment without parole. Bailey was convicted more than a year after the crime had occurred.

II.
Dispositive of Bailey's contention that he was denied the right to a speedy trial is our decision in Perry v. State, 419 So.2d 194 (Miss. 1982). We reviewed the purposes of the speedy trial guarantee including enhancing the factfinding process by making more likely the ready availability of evidence and witnesses, preventing oppressive pretrial incarceration, and preventing the ineligibility of parole and meaningful rehabilitation for an accused who is in prison while charges are pending. Id. at 197-98.
We also set forth two distinct bases in law supporting a defendant's right to a speedy trial, each of which is triggered by a different event. First, there is the statutory requirement found in Mississippi Code Annotated § 99-17-1 (Supp. 1984), that, unless good cause be shown, an accused shall be brought to trial no later than 270 days from the date of the arraignment. Under *1062 this statute, any time prior to arraignment is not included to determine compliance with the statute. Davis v. State, 406 So.2d 795 (Miss. 1981). In this case 42 days elapsed from the arraignment until the trial. In Perry's case, 47 days elapsed from arraignment to trial. In both instances the state complied with the 270 day maximum period allowed by § 99-17-1. This is not, therefore, a 270-day rule case.
We pointed out in Perry v. State that compliance with the statute does not necessarily mean that the accused's constitutional right to a speedy trial has been respected:
Obviously, if arraignment is delayed for a long period of time following arrest, or indictment, or charge, an accused's right to a speedy trial could be denied even though there was strict compliance with the requirements of § 99-17-1.
419 So.2d at 198.
This Court must intervene to protect constitutional rights where the legislative requirements are inadequate.
The constitutional right to a speedy trial, unlike § 99-17-1, "attaches at the time of a formal indictment or information or else the actual restraints imposed by arrest and holding to a criminal charge. [citations omitted]." Perry, 419 So.2d at 198. We concluded in Perry that the constitutional right to a speedy trial attaches when a person has been accused, and that the lodging of a detainer against a prisoner suffices to make him an accused. Id. Thus, Bailey's constitutional right to a speedy trial was likewise triggered when the detainer was lodged against him in Parchman. From the record it is apparent that the detainer was filed against Bailey prior to July 24, 1981, when he mailed his demand for trial to the sheriff and district attorney.
When the constitutional right to a speedy trial attaches, we are required to apply the balancing test found in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to determine if the right to a speedy trial has been denied. Wells v. State, 288 So.2d 860 (Miss. 1974). The Barker decision lists four factors to be considered:
1. Length of delay; 2. reason for the delay; 3. the defendant's assertion of his right to a speedy trial; and 4. prejudice resulting to the defendant.
These factors are to be considered together with no one of them to be completely dispositive by itself.

1. Length of Delay:
Bailey became an accused as to the Harrison County burglary charges when a detainer was lodged against him at some point prior to his demand for trial on July 24, 1981. His trial took place on May 19, 1982. Using these two dates, the minimum delay Bailey experienced was 298 days, or almost ten months. In Perry, the delay was 19 months, or 566 days. Although that delay was nearly twice as long as in this case, Bailey's trial was nonetheless delayed for almost ten months from his demand for trial, which is not an insubstantial period of time.

2. Reason for the Delay:
We noted in Perry that if the defendant causes the delay he will not be allowed to complain. Where the prosecution causes the delay unintentionally because of an overcrowded docket or understaffed prosecutors, this factor will not be weighed as heavily as where the delay is intended to injure the defendant's case. However, we said in Perry that where the defendant has not caused the delay, and where the prosecution has declined to show good cause for the delay, this factor must be weighed against the prosecution. 419 So.2d at 199.
The state urges that good reason was shown for the delay in that the grand jury did not convene in Harrison County until September, 1981. In Macon v. State, 295 So.2d 742 (Miss. 1974), and Diddlemeyer v. State, 398 So.2d 1343 (Miss. 1981), we held that, in the absence of a showing of prejudice to the defendant, a delay attributable solely to this cause does not violate the defendant's right to a speedy trial. Another reason for the delay was that the state *1063 failed to serve Bailey with a copy of the warrant and indictment in September, 1981, even though the case officer knew Bailey's parole had been revoked and he had been returned to prison. In Barker v. Wingo, the Supreme Court said:
A more neutral reason such as negligence or overcrowded courts should be weighed less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than the defendant.
Id. 407 U.S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117. Therefore, we must consider the delays in this case caused by the state with the reminder that prejudice must be shown for Macon and Diddlemeyer not to apply.

3. The Defendant's Assertion of his Right:
Bailey, like Perry, asserted his right to a speedy trial and to appointed counsel by mailing a demand for same to the sheriff's department and to the district attorney. In Perry, we held that mailing the document to the sheriff rather than to the circuit court was sufficient to assert his right, since it was the sheriff's detainer that was holding the accused. We have previously stated that the state may not neglect or ignore the defendant's request to be brought to trial. Cummings v. State, 219 So.2d 673, 675 (Miss. 1969).

4. Prejudice to the Defendant:
Bailey was prejudiced by serving approximately 10 1/2 months in Parchman without the opportunity to participate in rehabilitation programs due to the pending burglary charges. In Perry, we rejected the claim of loss of opportunity for concurrent sentences as Bailey asserts here because Mississippi Code Annotated § 99-19-21 (1972), permits concurrent sentences only where the defendant is sentenced on two separate convictions at the same term of court. 419 So.2d at 199-200.[2]
Bailey also argued the loss of opportunity to locate witnesses who disappeared prior to his trial. In Barker v. Wingo, supra, the Supreme Court noted that: "If witnesses die or disappear during a delay, the prejudice is obvious." 407 U.S. at 532, 92 S.Ct. at 2193, 33 L.Ed.2d at 118. The trial court concluded that Bailey did not demonstrate prejudice because he had three alibi witnesses who placed him away from the scene of the crime. Bailey argued at his pretrial hearing that two named witnesses had information regarding the theft of his car on the night of the burglary. Without an explanation of why Bailey's car was used in the burglary, his alibi witnesses were of little use.
In balancing these factors, the length of delay, while not as protracted as in Perry, was nonetheless significant. The reason for the state's failure to respond to Bailey's request for trial was unsatisfactorily explained, since the state contended that it had no duty to respond to a matter for which Bailey had been detained but not indicted. The assertion of Bailey's right to a speedy trial is plainly in the record, and was neglected or ignored by the state.
Finally, the prejudice to Bailey was threefold; he was ineligible for parole and disqualified from participating in rehabilitation programs because of the detainer. He was also unable to properly locate witnesses that would have substantiated his defense that someone stole his car and performed the burglary. The demonstrated prejudice in this case makes our holdings in Macon and Diddlemeyer distinguishable.
*1064 We find, therefore, that Bailey has presented a valid claim that he has been denied the right to a speedy trial under Barker v. Wingo, as applied in Perry v. State. When a defendant's constitutional right to a speedy trial has been violated, the sole remedy is to reverse the conviction and dismiss the charges. Strunk v. United States, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973); Turner v. State, 383 So.2d 489 (Miss. 1980); Perry v. State, 419 So.2d 197.
Each case must rest on its own factual bottom and we hold that the facts of this case are indistinguishable in any material particular from Perry v. State. We conclude that there has been a clear violation of the defendant's constitutional right to a speedy trial, and, therefore, the defendant must be discharged.
Having discharged the defendant on the speedy trial issue, the other issues of right to counsel and the prosecutor's closing argument need not be addressed.
REVERSED AND DEFENDANT DISCHARGED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.
NOTES
[1] Sitting pursuant to Mississippi Code Annotated, Section 9-3-6 (Supp. 1984).
[2] Bailey was sentenced on July 26, 1982, prior to the effective date of the amended version of § 99-19-21 (Supp. 1984), which reads:

§ 99-19-21. Sentence-prison terms to run consecutively unless imposed concurrently.
When a person is sentenced to imprisonment on two (2) or more convictions, the imprisonment on the second, or each subsequent conviction shall, in the discretion of the court, commence either at the termination of the imprisonment for the preceding conviction or run concurrently with the preceding conviction.
This amended statute, effective from and after March 14, 1983, does not expressly permit concurrent sentences only where the defendant is sentenced in two separate convictions at the same term of court.