473 So.2d 432 (1985)
Johnny BURGESS
v.
STATE of Mississippi.
No. 55579.
Supreme Court of Mississippi.
July 24, 1985.
James J. Fougerousse, Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
*433 SULLIVAN, Justice, for the Court:
This is an appeal from the Circuit Court of the First Judicial District of Hinds County, Mississippi, wherein the defendant, Johnny Burgess, was convicted of burglary and sentenced to a term of ten years in the Mississippi Department of Corrections as an habitual offender.
The appellant Burgess was arrested on March 22, 1982, and charged with house burglary. At the time of his arrest, he was on parole from the Mississippi Department of Corrections. After some discussion with his parole officer, Burgess was advised that the state would likely not prosecute him on the burglary charge, if he waived his parole hearing and returned to Parchman to serve his remaining sentence. Burgess stated that he relied on this representation by the parole officer and agreed to waive his parole violation hearing and to return to Parchman and serve the remainder of his sentence. He was not represented by counsel at that time. The appellant, in fact, did that and served an additional 16 months.
Before his release from Parchman for his parole revocation, Burgess was transported to Hinds County for the purpose of being arraigned on the burglary charge he understood would not be filed against him. Burgess was transported to the Hinds County Detention Center to await action on the house burglary charge. On March 8, 1983, the appellant was indicted for the offense of house burglary. Appellant filed a motion to dismiss this indictment. On June 8, 1983, the State of Mississippi obtained an order remanding this charge for the purpose of reindicting the defendant as an habitual offender. On September 8, 1983, a new indictment was obtained against Burgess. The remand and the reindictment were accomplished without notice to Burgess.
On December 6, 1983, the appellant obtained a hearing on a second motion to dismiss, which was denied; and on December 8, 1983, the appellant went to trial and was convicted and sentenced as an habitual offender to ten years with the Mississippi Department of Corrections without benefit of parole. It should be noted that, during this period of time, the appellant was represented by four different attorneys.
The appellant contends that he was denied due process of law in that he was not brought to trial until some sixteen months after his arrest. In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court formulated a four-prong balancing test to be used in deciding speedy trial questions. Accord: Wells v. State, 288 So.2d 860 (Miss. 1974). The factors to be considered are as follows:
1. Length of the delay;
2. Reason for the delay;
3. The defendant's assertion of his right to speedy trial; and
4. Prejudice to the defendant.
No one factor is dispositive; all factors must be considered together.
Our latest case on speedy trial is Bailey v. State, 463 So.2d 1059 (Miss. 1985). Factually similar to the case at bar, Bailey was convicted of burglary of a dwelling and sentenced as an habitual offender to ten years of imprisonment without parole. He was on parole for a controlled substance conviction in April, 1981, when he was arrested on burglary charges and returned to Parchman to serve out the remainder of his drug conviction. Bailey appealed to the Parole Board at Parchman and was told that a detainer warrant lodged against him by the Sheriff of Harrison County made him ineligible for parole.
In July of 1981, Bailey mailed the sheriff and district attorney of Harrison County a request for speedy trial or motion to dismiss. That motion included a complaint of varied adverse conditions imposed on prisoners by detainers. Bailey contended that detainers prohibited the prisoner from participating in programs that decrease the length of their sentences, reduced chances of gaining trusty status, lost opportunities to earn additional good time and eliminated them from the work release program. Bailey also complained of anxiety, and an *434 inability to plan his future. Three months after this motion/demand, he was indicted on the burglary charge as an habitual offender. No effort was made to serve him with an arrest warrant or a copy of the indictment.
Bailey was released in February 1982 and returned to his home town and was arrested in March 1982 and charged with the April 1981 burglary; he pled not guilty and his trial began in May, 1982. At his pre-trial hearing on the speedy trial issue, Bailey testified that after filing the motion and not hearing anything from the officials, he assumed the charges had been dropped. He further contended that he was unable to locate several witnesses for his alibi and that he had thrown away some information he had regarding the burglary charges. The trial judge denied the motion for dismissal on the ground that appellant was tried within 270 days not only of arraignment but of indictment. He also failed to find any prejudice.
The Court in Bailey held that the right to a speedy trial was triggered when the detainer was lodged against him at Parchman. In discharging Bailey, we held further that the delay on the state's part prejudiced the defendant in three ways, in that he was ineligible for parole, disqualified from participation in rehabilitation programs because of the detainer and unable to properly locate a witness who would have substantiated his alibi.
Under both Barker and Bailey, three factors weigh against the state: (1) assertion of the right by Burgess, (2) the reason for the delay by the state, and (3) the length of the delay. These outweigh item (4) prejudice, if the Barker and Bailey holdings that no one factor is dispositive are to have any meaning at all.
If this were not so, the state could sit back and deliberately hold criminal charges against a citizen indefinitely so long as the individual could not point out any specific prejudice.
Even the indisputably guilty defendant has the constitutional right to a speedy trial.
REVERSED AND APPELLANT DISCHARGED.
PATTERSON, C.J., and HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
ANDERSON, Justice, dissenting:
I respectfully dissent from the holding of the majority in reversing and discharging this appellant.
As I understand the speedy trial principles and as I consider the evidence in the light most favorable to the state, appellant was not denied his right to a speedy trial. Even if we concede that appellant asserted his right to a speedy trial and that he had a lengthy delay for no apparent reason, I have not been able to find any prejudice to the appellant. Although appellant complains of an additional 16 months in the penitentiary, those 16 months had nothing to do with appellant not obtaining a speedy trial. That term was served as a result of a revocation of parole on another conviction. Contrary to appellant's assertion, any sentence received on the burglary conviction could not have been made to run concurrently with the sentence resulting from his parole revocation. A review of the record indicates that the appellant was caught red-handed in an unoccupied dwelling stacking up stereo and tv equipment. At his trial, appellant presented no defense, nor does he claim that he would have had witnesses to testify in his behalf, but for the alleged lack of a speedy trial.
The reality of the situation is that appellant gambled that the state would not indict and try him on the house burglary charge if he waived the revocation hearing and went back to Parchman voluntarily. This is a gamble that the appellant lost. The only complaint appellant has concerning his trial is not that it was held some twenty months after his arrest, but that it *435 was held at all. Therefore, I would affirm the judgment of the lower court.
WALKER and ROY NOBLE LEE, P.JJ., join in this dissent.