This is an appeal from the Circuit Court of Washington County, Mississippi, wherein the appellant, Wardell Griffin, was indicted, tried and convicted of the burglary of Jones Truck Lines, Inc. in Greenville, Mississippi. The evidence showed that a metal building housing Jones Truck Lines had been broken into by someone cutting a hole in its south side. The desk drawers from which appellant's fingerprints were obtained had been rifled. Upon this evidence the jury found Griffin guilty. The appellant aggrieved at the lower court's holding has perfected an appeal to this Court asserting it was error to allow the State to introduce evidence of a crime separate from that for which he was being tried i.e.: that Consolidated Freightways approximately 300 to 400 feet north of Jones Truck Lines and on the same street had also been burglarized the same day and that the appellant's fingerprints were found on a desk in that company's office.
The introduction of the evidence relative to the crime committed at Consolidated Freightways constitutes reversible error as it does not fall within the recognized exceptions to the introduction of evidence of crimes other than that for which a defendant is being tried. Those exceptions are: (1) where the offense charged and that offered to be proved are so connected as to constitute one transaction; (2) where it is necessary to identify the defendant; (3) where it is material to prove motive and there is an apparent relation or connection between the act proposed to be proved and that charged; (4) where the accusation involves a series of criminal acts which must be proved to make out the offense; or (5) where it is necessary to prove scienter or guilty knowledge. See Barnette v. State, *Page 234 481 So.2d 788 (1985); Neal v. State, 451 So.2d 743 (Miss. 1984) cert. denied, ___ U.S. ___, 105 S.Ct. 607, 83 L.Ed.2d 716 (1984);Tucker v. State, 403 So.2d 1274 (Miss. 1981); and Gray v.State, 351 So.2d 1342 (Miss. 1977).
The evidence of the crime committed at Consolidated Freightways does not fall within any of the enumerated exceptions as it was not so connected to the crime at Jones Truck Lines as to constitute one transaction; was not necessary to identify Wardell Griffin; was not material to prove motive; was not a part of a series of criminal acts necessary to make out the crime at Jones Truck Lines; nor was it necessary to prove scienter or guilty knowledge.
Therefore, the court committed reversible error when it overruled appellant's motion to suppress the evidence involving the burglary at Consolidated Freightways and allowed that evidence to go before the jury. As this cause must be reversed and remanded for a new trial, appellant's remaining assignments of error require no further discussion on this appeal.
REVERSED AND REMANDED
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.