493 So.2d 375 (1986)
Gary Dale LIGHTSEY
v.
STATE of Mississippi.
No. 55709.
Supreme Court of Mississippi.
August 20, 1986.
*376 Guy M. Walker, Laurel, for appellant.
Edwin Lloyd Pittman, Atty. Gen., by Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, C.J., and PRATHER and GRIFFIN, JJ.
PRATHER, Justice, for the Court:
Gary Dale Lightsey was convicted in the Circuit Court of Jones County of the burglary of his in-laws' home. He was sentenced to a term of seven years in prison. On appeal, the Court will consider the following assignments of error:
(1) The court erred in failing to dismiss this cause on a plea of double jeopardy.
(2) The defendant, Gary Dale Lightsey, was denied a speedy trial as guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi.
(3) The court erred in allowing the fingerprints obtained from Gary Lightsey on an embezzlement charge into evidence.
(4) The court erred in granting instructions to the jury pertaining to flight.

I.

BACKGROUND
Gary Dale Lightsey pled guilty in the Circuit Court of Jones County to embezzlement and was given a suspended sentence of six years in the Mississippi State Penitentiary. Lightsey was also fined some $2,000.
In fulfillment of the court's sentence, Lightsey paid the fines levied against him. Subsequently, Lightsey was arrested for the burglary now on appeal. A petition charging Lightsey with violating the terms of his parole on the embezzlement charge *377 was filed, and Lightsey was incarcerated in the state penitentiary upon revocation of parole. Lightsey challenged this revocation of parole by habeas corpus.
On appeal from the denial of habeas corpus, this Court, in an unpublished opinion, held that the trial court was without statutory authority to sentence Lightsey to the penitentiary and to impose upon him a fine, since Miss. Code Ann. § 97-23-19 (1972) is written in the disjunctive. Because Lightsey had already paid his fine, he was released from prison after serving ten months.

FACTS OF THE BURGLARY CONVICTION
At approximately 7:00 p.m. the evening of October 22, 1982, Gary Dale Lightsey borrowed Jerry Mayberry's car at the American Legion in Laurel, Mississippi. Lightsey explained he was using the car to go on a date. At the time, Lightsey was separated from his wife who was living with her parents, Curtis and Donnie Parker, on Larry Drive in Laurel, Mississippi.
At approximately 7:30 p.m. the same evening, Eric Parker, a grandson of Curtis and Donnie Parker, was standing outside the home of other relatives who lived on Larry Drive. After hearing glass breaking at the home of his grandparents, Eric moved closer to investigate. Eric saw someone in dark clothes enter a window of his grandparents' home. It was too dark for him to identify the culprit, but Eric returned to his other relatives' home and called the police.
The police arrived and searched the Parkers' home, but found no intruder. Instead, they found a bedroom in disarray and a gun rack with no guns. A search of the immediate area surrounding the house uncovered three guns that had been dropped on the fringes of a wooded area. The guns were taken back to the house and dusted for fingerprints. A fingerprint removed from one of the guns was later identified as that of Gary Dale Lightsey.
A more extensive search of the neighborhood revealed the car Lightsey borrowed parked only 150 yards from the Parkers' home. The hood of the car was still warm and a cup on the front seat contained ice that had not yet melted.
Later that evening, Gary Lightsey telephoned the American Legion. After conversing with Jerry Mayberry, Lightsey persuaded another friend, Billy Tittle, to pick him up at a local grocery store. Lightsey explained that he had abandoned the car he was driving because his wife had almost caught him with a married woman and that his wife was continuing to watch the borrowed car. When Tittle picked him up, Lightsey was wearing a brown jacket.
Gary Lightsey was subsequently arrested and charged with burglary. He was convicted on the burglary charge and sentenced to a term of seven years in prison. In that sentence, Lightsey was given credit for the ten months he had already served for parole violation on the embezzlement charge. From the burglary conviction, Lightsey perfects this appeal.

II.

Did the court err in failing to dismiss this cause on a plea of double jeopardy?
Lightsey's contention in this assignment is that he was placed in double jeopardy when tried for burglary after having had the charge of burglary used to revoke his parole on the embezzlement charge. This Court disagrees that this position constitutes double jeopardy.
The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb... ." Likewise, Article III, § 22 of the Mississippi Constitution provides, "No person's life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution."
Thus, for a plea of former jeopardy to avail it must be shown that a defendant was actually acquitted or convicted in a former trial on the merits of the crime for *378 which he is again sought to be convicted. Wallace v. State, 466 So.2d 900 (Miss. 1985); Mallette v. State, 349 So.2d 546 (Miss. 1977); See also, Illinois v. Somerville, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973).
There has been no showing in the instant case that Lightsey was ever convicted of this burglary in a former trial. He was simply found to have violated the terms of what was thought to be the probation resulting from his embezzlement conviction.
While it is true that Lightsey was never actually on probation, it does not follow that the mistaken probation revocation may now be looked upon as a trial on the merits of the burglary charge. Lightsey was unlawfully imprisoned for embezzlement, and he used habeas corpus proceedings to gain his liberty. He was not tried twice on the burglary charge.

III.
Was the appellant denied his right to a speedy trial? There are two bases in law supporting a defendant's right to a speedy trial, each being triggered by a different event. Bailey v. State, 463 So.2d 1059 (Miss. 1985); Perry v. State, 419 So.2d 194 (Miss. 1982).
First, there is Miss. Code Ann. § 99-17-1 (Supp. 1985) which requires the accused be brought to trial no later than 270 days from the date of arraignment, unless good cause be shown. In the present case, the defendant was brought to trial January 23, 1984, after being arraigned October 6, 1983. Because the time lapse was only 109 days, this case clearly does not fall under Miss. Code Ann. § 99-17-1.
Next, the Sixth Amendment to the Constitution of the United States and Article 3, § 26 of the Constitution of Mississippi guarantee the accused in a criminal prosecution the right to a speedy and public trial. The constitutional right to a speedy trial "attaches at the time of a formal indictment or information or else the actual restraints imposed by arrest and holding to a criminal charge." Perry, 419 So.2d at 198.
When the constitutional right to a speedy trial attaches, the Court is required to apply the balancing test found in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) to determine whether the defendant's right has been denied. The Barker decision enumerates four factors to consider:
(1) Length of delay.
(2) Reason for the delay.
(3) The defendant's assertion of his right to a speedy trial.
(4) Prejudice resulting to the defendant.

A.

Length of the Delay
This Court held in Perry that the right to a speedy trial applies only after a person has been accused. 419 So.2d at 198. Therefore, it is important to the instant case to determine when Gary Dale Lightsey became an "accused."
The present case is factually similar to Perry, Bailey, and Burgess v. State, 473 So.2d 432 (Miss. 1985). All four cases involve appellants who were returned to prison for violating their respective paroles. In Perry and Bailey, the Court held the appellants became "accuseds" when detainers were lodged against them while they were incarcerated at Parchman. See, Perry v. State, 419 So.2d at 198; Bailey v. State, 463 So.2d at 1062. In both cases, detainers were lodged after the defendants had been arrested and after their paroles had been revoked.
To the contrary, the Court in Burgess v. State, 473 So.2d at 433, found, by implication, that the defendant became an "accused" at the time of his arrest.
In the present case the record does not contain evidence that a detainer was filed against Lightsey during his stay in Parchman. We must therefore find that he became an "accused" at the time of his arrest. To find that Lightsey became an accused at the time of his indictment would foster a rule whereby a prisoner who had *379 violated his parole and had been returned to prison could be held indefinitely before being tried on the pending charges. Having so found, the delay in Lightsey's trial was approximately fifteen months. (October 23, 1982 until January 23, 1984).

B.

Reason for the Delay
The record does not clearly reflect the reasons for delay in bringing this case to trial, although the court notes that the appellant remained illegally incarcerated at Parchman from October, 1982 until August of 1983. After his release, Lightsey was arraigned in October of 1983 and was tried in January of 1984.

C.

Defendant's Assertion of His Rights
The record reflects no attempt by the appellant to assert his right to a speedy trial. Unlike the appellants in Perry and Bailey, this appellant filed no documents demanding his trial be expedited. See, Perry, 419 So.2d 196; Bailey, 463 So.2d at 1060.

D.

Prejudice Resulting to The Defendant
Appellant claims he was prejudiced by serving ten months in prison, defending himself at the parole revocation hearing, and being unable to work to procure funds to hire an attorney.
This Court finds that the revocation of appellant's parole and the ten months he spent in prison were not the result of an inexpeditious trial. They were result of a mistaken parole revocation.
As for appellant's inability to work to procure money for an attorney, the Court notes that appellant was assigned a public defender and there has been no accusation of ineffective assistance of counsel.
This appellant has suffered no prejudice comparable to the prejudice suffered by the appellants in Perry and Bailey. The appellants in those cases were denied the opportunity to participate in programs to decrease the length of their terms; they had reduced chances of being elevated to trust status and to earn additional good time; and they could not participate in work release programs. In addition, the appellant in Bailey argued he was prejudiced by the loss of opportunity to locate witnesses who had disappeared before his trial.
In the final determination of whether the defendant was denied a speedy trial, the four factors enunciated in Barker must be considered together. No individual factor may completely dispose of the issue. Perry, 419 So.2d at 199.
The strongest, and possibly only, argument Lightsey has is the length of time between his arrest and his trial. (457 days). His arguments under the remaining Barker factors are weak. Considering the Barker factors together, the Court finds that Lightsey's right to a speedy trial was not denied.

IV.

Did the trial court err in admitting into evidence fingerprint exemplars of the appellant?
During the trial, two fingerprint cards were introduced into evidence to prove the latent fingerprint taken from one of the stolen guns was the fingerprint of Gary Dale Lightsey. On appeal, appellant argues the exemplars constituted proof of another crime and were therefore inadmissible.
The fingerprint cards contained no evidence that a prior crime was committed. The only evidence hinting that a prior crime was committed was the testimony of Officer Jim Smith that he took the fingerprints of Gary Lightsey prior to October 22, 1982. In addition, the fingerprint exemplars were introduced to show identification of the defendant. Generally, evidence of other offenses is inadmissible in a criminal trial. One of the exceptions to the general rule is when the evidence is necessary to identify the defendant. Griffin v. *380 State, 482 So.2d 233 (Miss. 1986); Barnette v. State, 481 So.2d 788 (Miss. 1985); Neal v. State, 451 So.2d 743 (Miss. 1984).
For the above-mentioned reasons, the Court finds there was no error committed in allowing the fingerprint exemplars to be introduced into evidence.

V.

Did the trial court err in giving instruction S-3 pertaining to flight?
Instruction S-3 reads as follows:
Flight is a circumstance from which guilty knowledge and fear may be inferred. If you believe from the evidence in this case beyond a reasonable doubt that the Defendant, Gary Dale Lightsey, did flee or go into hiding, such flight or hiding is to be considered in connection with all other evidence in this case. You will determine from all the facts whether such flight or hiding was from a conscience sense of guilt or whether it was caused by other things and give it such weight as you think it is entitled to in determining the guilt or innocence of the Defendant, Gary Dale Lightsey.
Appellant argues there was no evidence to support a flight instruction. An eloquent history of the evolution of the flight instruction was set out by this Court in Pannell v. State, 455 So.2d 785 (Miss. 1984). In Pannell, the Court reached a two-part conclusion concerning the law of flight:
(1) Only unexplained flight merits a flight instruction.
(2) Flight instructions are to be given only in cases wherein that circumstance has considerable probative value. Id. at 788.
Our primary consideration in the present case is whether the alleged flight had considerable probative value. Assuming the alleged flight consisted of Lightsey's abandoning the borrowed car, this Court does not find the flight probative of any element of the burglary. The abandonment might have been probative that Lightsey did not return to the car, but it does not prove why.
Based on the erroneous giving of the flight instruction we hereby reverse the burglary conviction of Gary Dale Lightsey and remand to the Circuit Court of Jones County for proceedings consistent with this opinion.
REVERSED.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
HAWKINS, P.J., not participating.