498 So.2d 788 (1986)
Wesley BEAVERS
v.
STATE of Mississippi.
No. 55809.
Supreme Court of Mississippi.
November 12, 1986.
Shannon Waller, Jr., Gulfport, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Henry C. Clay, III, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J. and PRATHER and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This appeal presents important questions concerning the rights of an accused to a speedy trial under the federal and state constitutions. On this record we have a largely unexplained delay of almost 400 days in bringing the accused to trial, aggravated by some 216 unjustified days in delay following the accused's demand that he be brought to trial. Applying the familiar balancing test emanating from Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we hold that the accused's right to a speedy trial was violated and that he must be discharged.

II.
The entire matter began with the burglary of a dwelling said to have occurred in Harrison County, Mississippi, on March 10, 1982. On March 23  some thirteen days later  Wesley Beavers, Defendant below and Appellant here, was arrested and charged with this burglary. On May 4, 1982, some 42 days later, Beavers was *789 charged with burglary in an indictment returned by the Harrison County Grand Jury.
The matter did not proceed to trial. Instead, some two weeks later, it was ascertained that Beavers was at the time of the burglary subject to a parole order. Beavers had been previously convicted of sale of a controlled substance, had been incarcerated at the Mississippi State Penitentiary, and was out on parole at the time of the burglary in issue. Upon Beavers' return to the penitentiary for his parole violation, the burglary charge acquired a dormant posture.
On September 8, 1982, Beavers, acting through his attorney, made a written demand for trial. He subsequently moved to dismiss the proceedings against him and to quash the indictment for violation of his right to a speedy trial. On April 7, 1983, this motion was overruled and denied, and on April 11, 1983, the prosecution responded with a new grand jury indictment charging Beavers again with the March 10, 1982 burglary but this time alleging that he was an habitual offender within Miss. Code Ann. § 99-19-81 (Supp. 1985). This second indictment was thereafter reduced from burglary to grand larceny, again with the recidivism feature appended, and on May 20, 1983, Beavers was tried and convicted of grand larceny. By reason of two prior convictions, Beavers was sentenced on May 31, 1983, to a term of five years imprisonment without eligibility for parole, suspension or reduction of sentence. Following the usual post-trial motions all of which were denied, this appeal has been perfected.

III.
The matter before us is whether there has been a violation of Wesley Beavers' right to a speedy trial on the charges arising out of the March 10, 1982, burglary/larceny. That right is secured to Beavers by the Sixth and Fourteenth Amendments to the United States Constitution and by Article 3, Section 26 of the Mississippi Constitution of 1890.[1]
A chronology of events may be helpful.

 Date Action
March 10, 1982 Burglary committed
March 23, 1982 Wesley Beavers arrested
May 4, 1982 Indictment returned in Cause No. 18,537
 charging Beavers with burglary of occupied
 dwelling
May 24 or 25, 1982 Beavers transferred to state penitentiary
 because of parole violation
August 4, 1982 Beavers' parole revoked
September 8, 1982 Beavers files demand for trial
March 11, 1983 Detainer lodged against Beavers by D.A. of
 Harrison County
March 31, 1983 Waiver of arraignment in Cause No. 18,537,
 non-recidivism burglary charge
April 5, 1983 Beavers' motion to dismiss/quash indictment
 in Cause No. 18,537 for lack of speedy trial
April 7, 1983 Order overruling motion to quash indictment
April 11, 1983 Indictment returned in Cause No. 18,870
 charging Beavers with burglary of an
 occupied dwelling on March 10, 1982, as
 habitual offender
April 12, 1983 Motion for continuance by Defendant Beavers
 in Cause No. 18,537
May 4, 1983 Arraignment of Defendant in Cause No.
 18,870 as an habitual offender
May 19, 1983 Indictment for burglary of occupied dwelling
 reduced to grand larceny by D.A.
May 19, 1983 Order transferring Cause No. 18,870 from
 Circuit Court to County Court of Harrison
 Co.
May 20, 1983 Trial and conviction of Beavers of grand
 larceny as habitual offender in Cause
 No. 18,870

Our first question is ascertainment of the point in time when the speedy trial clock began to run against the prosecution. Generally speaking, the starting point appears to be that moment when the defendant is first effectively accused of the offense. Perry v. State, 419 So.2d 194, 198 (Miss. 1982). Compare Page v. State, 495 So.2d 436, 439 (Miss. 1986). We have cases treating as this point of accusation the time of indictment and, in cases where the accused is already incarcerated, the point in time when a detainer was lodged against him. Bailey v. State, 463 So.2d 1059, 1062 (Miss. 1985); Perry v. State, 419 So.2d at 198. Our two most recent pronouncements *790 on the subject held the time of arrest to be the time of accusation.[2]Lightsey v. State, 493 So.2d 375, 378 (Miss. 1986); Burgess v. State, 473 So.2d 432, 433 (Miss. 1985). One's right to a speedy trial as a matter of common sense has reference to that point in time when the prosecution may begin to crank up the machinery of the criminal justice process. It also has reference to the criminal act with which the accused is charged, for that is the event the truth of which must ultimately be probed in open court. The present record reflects that this point in time occurred on March 23, 1982, the date Beavers was arrested, and charged with burglary. Whether Beavers' right to a speedy trial was respected must be determined by reference to that date. Lightsey v. State, 493 So.2d at 378.
Our point of beginning established, we turn to the familiar balancing test engrafted upon the open textured language of the Sixth Amendment in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Barker enumerates four factors which must be considered: (1) length of delay, (2) reason for the delay, (3) the defendant's assertion of his right to a speedy trial and (4) prejudice resulting to the defendant. No mathematical formula exists according to which the Barker weighing and balancing process must be performed. The weight to be given each factor necessarily turns on the quality of evidence available on each and, in the absence of evidence, identification of the party with the risk of nonpersuasion. In the end, no one factor is dispositive. The totality of the circumstances must be considered. Burgess v. State, 473 So.2d at 433.

A. Length of the Delay

Superficially, this factor is the easiest to ascertain. Beavers was arrested on March 23, 1982. He was brought to trial on May 20, 1983. His trial began 423 days after his arrest.
What constitutes an impermissible delay is problematical. In Perry, where we reversed, the delay was 19 months or 566 days. In Bailey, where we also reversed, the delay was only 290 days or almost ten months. Bailey v. State, 463 So.2d at 1062. In Burgess, where we reversed, the opinion represents the delay as being 16 months, but, according to our computations, the delay was 626 days. In Lightsey, where we did not reverse (on this ground), the delay was approximately 15 months, or 458 days.
While we can draw no emphatic conclusions from application of these cases, we may say with confidence that the delay here is sufficient that, in the absence of the other Barker factors pointing in favor of the prosecution (or in the absence of the defendant's position on the other Barker factors being weak), reversal generally ought follow. Compare Lightsey v. State, 493 So.2d at 379.

B. Reason For The Delay

The record sheds little light on the reason for the delay in bringing Beavers to trial. We accept that a 38 day period of delay may have been caused by Defendant's motion for a continuance filed April 12, 1983.[3] Past that, the record is simply silent. In his brief the Attorney General argues that Beavers was, following his arrest, taken to the Mississippi State Penitentiary following revocation of his parole on a previous conviction. Incarceration via parole revocation, however, is not a legitimate reason for the prosecution's failure to bring an accused to trial. Burgess v. *791 State, 473 So.2d at 433-34; Bailey v. State, 463 So.2d 1059 (Miss. 1985).
Here the risk of non-persuasion rests with the prosecution. Because there is nothing in the record attributable to Beavers (except the 38 day delay due to the motion for a continuance) or to any other source not chargeable to the prosecution, explaining why Beavers could not have been brought to trial substantially earlier, we consider this a factor weighing in Beavers' favor.

C. Beavers' Assertion of His Right to a Speedy Trial

Significance necessarily attends whether an accused requests a speedy trial, for we are concerned with a constitutional right which like others is subject to knowing and intelligent waiver. We know of no prohibition against an accused waiving his right to a speedy trial. At the same time, we consider this factor in view of our twice repeated statement that "a defendant has no duty to bring himself to trial." Nations v. State, 481 So.2d 760, 761 (Miss. 1985); Turner v. State, 383 So.2d 489, 491 (Miss. 1980).
The record reflects that on September 8, 1982, some 169 days post-arrest, Beavers filed a "demand for trial" in which he
makes this demand for trial and asks that the same [the burglary charge against him] be placed on the docket and that he be tried at this term or at the next term of this court, or in default of such trial, that he be fully acquitted and discharged of said offense.
This demand for trial was filed in Case No. 18,537, the non-recidivism burglary charge against him. The Attorney General argues that this demand is ineffective as an assertion of his right to a speedy trial because Beavers did not renew it following the April 11, 1983 burglary, recidivist indictment. The point is specious. In Bailey v. State, 463 So.2d 1059 (Miss. 1985) we credited a demand for trial filed three months prior to the indictment under which the accused was tried and convicted. In Perry v. State, 419 So.2d 194 (Miss. 1982) we credited a demand for trial mailed to the sheriff and to the district attorney, but never filed with the Circuit Court. Put otherwise, an accused's right to a speedy trial has reference to the substantive charge made against him  that he committed burglary and larceny on March 10, 1982  and not the form (the indictment) through which that charge may be asserted. The point of beginning under the facts of this case is the time of arrest.
In the present context our concern is whether the accused has made an unequivocal demand for trial and has communicated that demand to the persons with the authority and responsibility for bringing him to trial. This Beavers did on September 8, 1982. The prosecution may not neglect or ignore a defendant's request to be brought to trial. Cummings v. State, 219 So.2d 673, 675 (Miss. 1969). Once the demand for trial has been made, the prosecution may not circumvent it by seeking a new indictment for the same offense and then proceeding upon the new indictment.[4] Here again we have a Barker factor which weighs in favor of Beavers.

D. Prejudice To The Defendant Beavers

The record is less than clear on the matter of whether Beavers experienced substantial prejudice by reason of the prosecution's delay in bringing him to trial. In Bailey we found prejudice in the placement of a detainer against one incarcerated at the Mississippi State Penitentiary which resulted in loss of eligibility for parole, disqualification from participation in rehabilitation programs, and several other factors. The record fails to reflect such factors here. Beavers asks us to assume "great *792 anxiety" due to "unrest and inability to plan for his future," a factor recognized in Bailey, but there is no evidence in the record before us to support this factor.
Beavers further argues that the delay resulted in his witness, Charles Watts, suffering a loss of memory and becoming confused while on the witness stand. This argument is inconclusive in that we have no way of knowing what Watts' testimony might have been at an earlier trial (although it is within our actual and judicial knowledge that over time witnesses, being human, commonly suffer some memory loss, the fact and extent of which are usually difficult to prove). In any event, our review of Watts' testimony reveals it no more confused than that of hundreds of other witnesses whose testimony we have read and studied over the years.
In a nutshell, Beavers has failed to show substantial prejudice.

E. Conclusion

Considering the Barker factors in summary, the delay of 432 days is certainly sufficient is establish prima facie a case of violation of an accused's right to a speedy trial. Only 38 days of that delay may arguably be blamed on Beavers. Indeed, the 216 day delay between Beavers' demand for trial on September 8, 1982, and motion for a continuance on April 12, 1983, seem totally unjustified.[5] While this record contains little evidence of prejudice, the reason for giving weight to the other factors is the obvious difficulty in establishing through objective hard evidence the fact of prejudice even when it does exist. Moreover, there is nothing in the constitutional provisions at issue qualifying the right to a speedy trial so that its assertion depends upon a showing of prejudice. Where, as here, the accused effectively demanded trial and where there was a substantial unjustified delay in bringing him to trial, the fact that the Defendant's prejudice showing is weak avails the prosecution little.
We hold that upon application of the Barker factors to the case at bar, Wesley Beavers' right to a speedy trial secured by the Sixth and Fourteenth Amendments to the Constitution of the United States and by Miss. Const. Art. 3, § 26 (1890) has been abridged. Accordingly, the judgment of conviction entered below shall be reversed and Beavers shall stand discharged.
REVERSED AND RENDERED
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.
GRIFFIN, J., not participating.
NOTES
[1] No question is presented under our speedy trial statute, Miss. Code Ann. § 99-17-1 (Supp. 1985), which requires trial within 270 days of arraignment.
[2] In the federal courts the point of beginning is often referred to as "the time of arrest or indictment, whichever comes first." United States v. Gonzalez, 671 F.2d 441, 444 (11th Cir.1982); United States v. Walters, 591 F.2d 1195, 1200 (5th Cir.1979). Pre-arrest indictments, of course, are far more prevalent in the federal criminal justice system than in that of this state. See also, Baker v. McCollan, 443 U.S. 137, 144, 99 S.Ct. 2689, 2694, 61 L.Ed.2d 433, 441 (1979); and United States v. Marion, 404 U.S. 307, 321, 92 S.Ct. 455, 463, 30 L.Ed.2d 468, 479 (1971).
[3] The motion for continuance was made in Cause No. 18,537, the original non-recidivism burglary case. No such motion was made in Cause No. 18,870, the case under the indictment of which Beavers was ultimately tried and convicted.
[4] Cf. United States v. Ramos, 588 F. Supp. 1223, 1226-27 (S.D.N.Y. 1984); United States v. Van Brandy, 563 F. Supp. 438 (S.D.Calif. 1983); and United States v. Simms, 508 F. Supp. 1175, 1177 (W.D.La. 1979) to the effect that, under the Federal Speedy Trial Act, the prosecution may not "extend" the time when the accused must be brought to trial by obtaining new indictments on the same or similar charges.
[5] The Circuit Court of Harrison County at the time held a term of court every month. Miss. Code Ann. § 9-7-9 (Supp. 1985). At least, seven terms passed uneventfully following Beavers' demand for trial.