## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-KA-01463-SCT

*TONY KEITH REYNOLDS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/29/1999 |
| TRIAL JUDGE: | HON. C. E. MORGAN, III |
| COURT FROM WHICH APPEALED: | GRENADA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | B. LEON JOHNSON |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT T. ALLRED, III |
| DISTRICT ATTORNEY: | DOUG EVANS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 04/26/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/17/2001 |

**BEFORE PITTMAN, C.J., COBB AND DIAZ, JJ.**

**COBB, JUSTICE, FOR THE COURT:**

¶1. On August 31, 1998, Tony Keith Reynolds shot and killed Gilbert Logan. Reynolds was arrested the same day and indicted in December, 1998, on charges of murder and possession of a firearm by a convicted felon. He was charged as a habitual offender, pursuant to Miss. Code Ann. § 99-19-81 on the basis of two 1979 burglary convictions. On July 29, 1999, Reynolds was convicted after a two-day jury trial and sentenced to life in prison without parole. The trial court denied Reynolds' post-trial motions, and he appeals to this Court on the following issue:

> **I. WHETHER THE LOWER COURT ERRED IN ADMITTING EVIDENCE OF OTHER CRIMES DURING THE MURDER TRIAL.**

¶2. Subsequent to the brief by his counsel, Reynolds also submitted a pro se supplemental brief which was accepted by this Court and which raises the following additional issues:

> **II. WHETHER REYNOLDS WAS DENIED HIS RIGHT TO A SPEEDY TRIAL.**
>
> **III. WHETHER REYNOLDS IS ENTITLED TO RELIEF BASED ON A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL.**
>
> **IV. WHETHER THE LOWER COURT PROPERLY ADJUDICATED REYNOLDS AS A HABITUAL OFFENDER.**

¶3. Finding no merit to these assignments of error, we affirm the trial court's judgment.

## FACTS

¶4. The facts of this case are largely undisputed. On August 31, 1998, the murder victim, Gib Logan, and a friend of his named Robert Mitchum came to Cooter's Bar and Lounge in Grenada, Mississippi, so that Gib could talk to his estranged wife Tammy Logan, a Cooter's employee. Reynolds, a mechanic, was present at Cooter's working on the owner's truck. At some point during Gib and Tammy's conversation, Reynolds intervened, first by pointing a pistol at Mitchum's head and ordering him to leave and then by doing the same to Gib. According to Reynolds' testimony, Gib hit Reynolds' hand, and the gun discharged, killing Gib.

¶5. Following his August 1998 arrest and December 1998 arraignment, the record reflects an Order of Continuance granted to Reynolds on January 19, 1999, and an Agreed Order of Continuance granted on February 19, 1999. On July 22, 1999, the trial court denied Reynolds' motion to dismiss for want of a speedy trial, and the trial began.

¶6. During the trial, Robert Mitchum testified that Reynolds first pointed a gun at him and told him to leave shortly before shooting Gib. Reynolds objected to this testimony and then moved for a mistrial on the grounds that Mitchum's testimony constituted a separate prior crime and that the prejudicial effect of the testimony outweighed its probative value. The trial court denied the motion, holding that the probative value of the testimony outweighed its prejudicial impact and that possession of a firearm was obviously a necessary element of the crime of possession of a firearm by a convicted felon. The events appeared to be, if not simultaneous in time, then at most two or three minutes apart. On July 29, 1999, the jury found Reynolds guilty on both counts of the indictment and sentenced him as a habitual offender to life in prison without parole.

## ANALYSIS

### I. WHETHER THE LOWER COURT ERRED IN ADMITTING EVIDENCE OF OTHER CRIMES DURING THE MURDER TRIAL.

¶7. Reynolds' first assignment of error is that the trial court erred in admitting evidence that he put a gun to Robert Mitchum's head and ordered him to leave Cooter's. Reynolds argues that the admission of this testimony violated Mississippi Rule of Evidence 404(b), which states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

M.R.E. 404(b). In addition to the exceptions listed within the rule itself, this Court has also held that evidence of other crimes is admissible where "the offense charged and that offered to be proved are so interrelated as to constitute a single transaction or occurrence or a closely related series of transactions or occurrences." *Neal v. State*, 451 So.2d 743, 759 (Miss. 1984)(holding that defendant's confession of two murders in addition to one for which he was charged was admissible because omission of said murders would render confession incoherent). The trial court's rulings on the relevance and admissibility of evidence are reviewed for an abuse of discretion. *Weaver v. State*, 713 So.2d 860, 865 (Miss. 1997).

¶8. As the trial court noted, Mitchum's testimony was relevant in proving count two of the indictment, as well as to show Reynolds' preparation and intent, and thereby differentiate between accident, manslaughter,

and murder. In any event, the prior bad act was part of the same transaction. This argument is without merit.

## II. WHETHER REYNOLDS WAS DENIED HIS RIGHT TO A SPEEDY TRIAL.

¶9. Reynolds has also raised pro se a claim that his right to a speedy trial was violated. A criminal defendant's right to a speedy trial is secured by the Sixth and Fourteenth Amendments to the U.S. Constitution and by Article 3, Section 26 of the Mississippi Constitution of 1890. *Beavers v. State*, 498 So.2d 788, 789 (Miss. 1986). The Mississippi Code also creates a statutory speedy trial right, stating: "Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned." Miss. Code Ann. § 99-17-1 (2000). This statutory right, often referred to as the 270-day rule, attaches at arraignment rather than at arrest. *Handley v. State*, 574 So.2d 671, 674 (Miss. 1990). The chronology for this case is as follows:

August 31, 1998.........................................Reynolds Arrested

December 10, 1998...................................Reynolds Indicted

December 15, 1998................................Reynolds Arraigned

January 19, 1999........Reynolds' Order of Continuance Filed[1]

February 19, 1999.............Agreed Order of Continuance Filed

July 22, 1999.........................................................Trial Begins

### A. The Constitutional Right

¶10. In reviewing such a constitutional challenge, this Court has not set a specific length of time as being per se unconstitutional, but instead applies the four-part balancing test articulated by the U.S. Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *Handley*, 574 So.2d at 674. The four *Barker* factors to consider are: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) the prejudice to the defendant. *Barker,* 407 U.S. at 530. None of the four factors is determinative; rather, a totality of the circumstances test is used. *Beavers*, 498 So.2d at 790. However, while all the factors are relevant for the balancing test, this Court has recognized that a delay of eight (8) months or more is presumptively prejudicial. *Smith v. State*, 550 So.2d 406, 408 (Miss.1989). Where the delay is not presumptively prejudicial, there is no need to review the remaining *Barker* factors. *Handley*, 574 So.2d at 677.

¶11. The record in this case reflects that Reynolds was arrested on August 31, 1998, and the first continuance in this case was filed on January 19, 1999 - a total of only 131 days. The January 19 continuance was sought by and granted to Reynolds. The February 19 continuance was agreed to by both parties. In light of these facts, this delay was not presumptively prejudicial, and there is no need to review the remaining *Barker* factors. Reynolds' constitutional speedy trial claim fails.

### B. The Statutory Right

¶12. In addition to the constitutional rights afforded by the Sixth and Fourteenth Amendment and by Article

3 of the Mississippi Constitution, Reynolds also has the statutory right to a speedy trial arising from Miss. Code Ann. § 99-17-1. Under this provision, where the accused is not tried within 270 days of his arraignment, the defendant is entitled to dismissal. *Nations v. State*, 481 So.2d 760, 761 (Miss.1985). However, continuances for "good cause" toll the running of the 270-day period, unless "the record is silent regarding the reason for the delay," and then "the clock ticks against the State because the State bears the risk of non-persuasion on the good cause issue." *Herring v. State*, 691 So.2d 948, 953 (Miss. 1997) (quoting *Vickery v. State*, 535 So.2d 1371, 1375 (Miss.1988)). A written order stating that a motion for continuance is well taken and should be granted is the equivalent of a judicial determination that good cause exists. *Nations*, 481 So.2d at 762. Continuances attributable to the defendant stop the running of the clock and are deducted from the total number of days before trial in determining whether the 270-day rule applies. *Vickery*, 535 So.2d at 1376.

¶13. In the case sub judice, Reynolds has a less persuasive claim under the statute than he did under *Barker*. Only twenty-six days elapsed between Reynolds' indictment and the filing of the first continuance. Since both continuances toll the running of the statute, the 270-day rule plainly was not violated.

### III. WHETHER REYNOLDS IS ENTITLED TO RELIEF BASED ON A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL.

¶14. The second issue raised in Reynolds' supplemental brief is that he was prejudiced by ineffective assistance of counsel. Specifically, he argues that his attorney was ineffective because he agreed to continuances which delayed Reynolds' trial and because his attorney permitted an attorney to sit on the jury, apparently over Reynolds' objections.

¶15. The standard of review for a claim of ineffective assistance of counsel is a two-part test: the defendant must prove, under the totality of the circumstances, that (1) his attorney's performance was defective and (2) the deficiency deprived the defendant of a fair trial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hiter v. State*, 660 So.2d 961, 965 (Miss.1995). This review is highly deferential to the attorney, and there is a strong presumption that the attorney's conduct fell within the wide range of reasonable professional assistance. *Id.* at 965. With respect to the overall performance of the attorney, "counsel's choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy" and cannot give rise to an ineffective assistance of counsel claim. *Cole v. State*, 666 So.2d 767, 777 (Miss.1995).

¶16. The Order of Continuance filed on January 19, 1999, expressly states that it was sought by Reynolds' counsel on the grounds that "[c]ounsel needs adequate time to prepare and investigate this case to prepare a defense for [Reynolds]." Seeking a continuance in order to more fully prepare for trial does not, under these circumstances, constitute defective performance. Likewise, jury selection decisions plainly fall within the "ambit of trial strategy." In any case, Reynolds offers no explanation for how his counsel was ineffective simply for allowing another attorney (particularly one whom Reynolds characterizes as "a friend" of his lawyer's) to sit on the jury. This argument is also without merit.

### IV. WHETHER THE LOWER COURT PROPERLY ADJUDICATED REYNOLDS AS A HABITUAL OFFENDER.

¶17. The final issue raised in Reynolds' supplemental brief appears to be that the trial court improperly adjudicated him to be a habitual offender. Reynolds was indicted pursuant to Miss. Code Ann. § 99-19-

81, which states:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and **who shall have been sentenced to separate terms of one (1) year or more** in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code Ann. § 99-19-81(2000)(emphasis added). Reynolds had previously pled guilty to two counts of burglary in Calhoun County in 1979, for which he was sentenced to five years each with three years suspended. He argues in his supplemental brief that he only actually served nine months on the two charges, and since he did not serve more than a year, § 99-19-81 is inapplicable to him. In response, the State argues that Reynolds is procedurally barred because he failed to raise this issue during his sentencing phase.

¶18. In fact, Reynolds did challenge his habitual offender status during the sentencing phase, but only by arguing that the second burglary count, which identified him only as Tony Reynolds rather than Tony Keith Reynolds, was invalid. There is no motion challenging the habitual offender portion of the indictment on the grounds raised in the supplemental brief. In any case, as the State correctly points out, § 99-19-81 does not require the habitual offender to have actually served sentences of more than one year so long as the sentences themselves were more than one year. *See* **Hewlett v. State**, 607 So.2d 1097, 1105 (Miss. 1992)("The fact that there was no actual incarceration does not affect the sufficiency of the sentences as evidence of habitual offender status"). Reynolds pled guilty to two sentences of five years each, which more than satisfies § 99-19-81. This argument is without merit.

## CONCLUSION

¶19. The trial court did not abuse its discretion in admitting testimony that Reynolds had threatened Robert Mitchum with a gun before shooting Gib Logan. Reynolds' right to a speedy trial was not violated, and he failed to prove that his attorney's performance was defective. Finally, his two prior felony burglary convictions support his habitual offender status. For the foregoing reasons, Reynolds' conviction and sentence are affirmed.

¶20. **COUNT I: CONVICTION OF MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT BENEFIT OF PAROLE, PROBATION OR EARLY WORK RELEASE,AFFIRMED. SAID SENTENCE SHALL RUN CONSECUTIVELY TO ANY SENTENCE PREVIOUSLY IMPOSED. COUNT II: CONVICTION OF POSSESSION OF A FIREARM BY A CONVICTED FELON AND SENTENCE OF THREE YEARS IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT BENEFIT OF PAROLE, PROBATION OR EARLY WORK RELEASE, AFFIRMED. THE SENTENCE IN COUNT II SHALL RUN CONSECUTIVELY TO THE SENTENCE IMPOSED IN COUNT I.**

> **PITTMAN, C.J., BANKS AND McRAE, P.JJ., SMITH, MILLS, WALLER, DIAZ AND EASLEY, JJ., CONCUR.**

1. The date for which trial was originally scheduled is not contained in the record before this Court.