BRANTLEY, J.,
For The Court.
¶ 1. Steve Williford was convicted in the Circuit Court of DeSoto County of burglary of a dwelling, rape, and robbery. Willi-ford appeals his conviction arguing that the court violated his right to a speedy trial, admitted inadmissible evidence, failed to give proper jury instructions, and allowed improper expert testimony. In addition, he argues that the verdict was against the overwhelming weight of the evidence and that he was denied a fair trial. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On March 1,1997, the DeSoto County Sheriffs Department responded to an emergency call because an attacker entered the home of the caller, raped her and stole forty dollars from her purse. The victim gave a description of the person who assaulted her to the officer. Upon leaving the victim’s home, the officer noticed a man standing across the street matching the description given by the victim. The man was later identified as Steve Williford. Williford was taken to the county jail and questioned. He agreed to go to a hospital, where samples were taken for DNA analysis purposes and was released.
¶ 3. The results of the DNA analysis revealed that the chance that the samples taken from the victim belonged to some individual other than Williford was one in 2:8 billion in the African American population. Williford was arrested on January 21, 1998. He posted bond and was released. On July 16, 1999, Williford was *17 indicted for burglary of a dwelling, rape, and robbery and was released on bail.
¶ 4. On September 7, 1999, Williford filed a waiver of arraignment with an entry plea of not guilty, and the initial trial date was set for February 7, 2000. After numerous continuances, mostly at Williford’s request, the trial was reset for October 9, 2000.
¶5. Three days before trial, Williford filed a demand for speedy trial. His trial was conducted on October 9, 2000, and the jury convicted him on all counts. Willi-ford’s motion for a new trial or in the alternative for a judgment notwithstanding the verdict was denied. Williford timely filed his appeal.
ISSUES PRESENTED
¶ 6. Williford assigned the following errors:
I. WHETHER WILLIFORD WAS DENIED HIS CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL.
II. WHETHER OR NOT THE TRIAL JUDGE ERRED WHEN HE- ADMITTED EVIDENCE THAT WILLI-FORD SMOKED CRACK COCAINE THE NIGHT OF FEBRUARY 28TH AND THE EARLY MORNING OF MARCH 1,1997.
III. WHETHER OR NOT THE TRIAL JUDGE ERRED WHEN HE DENIED WILLIFORD’S REQUEST FOR A CAUTIONARY INSTRUCTION.
IV. WHETHER OR NOT THE TRIAL COURT ERRED WHEN IT ADMITTED PHYSICAL EVIDENCE SEIZED FROM WILLIFORD.
V. WHETHER OR NOT THE TRIAL JUDGE ERRED WHEN HE ADMITTED . TESTIMONY BY JOHN QUILL ABOUT THE STATISTICAL PROBABILITY OF THE DNA SAMPLES.
VI. WHETHER OR NOT THE TRI- . AL JUDGE ERRED IN GRANTING
THE STATE’S JURY INSTRUCTIONS AS TO THE ELEMENTS OF ROBBERY.
VII. WHETHER OR NOT THE TRIAL JUDGE ERRED WHEN HE DENIED WILLIFORD’S MOTION FOR A NEW TRIAL ON THE BASIS OF THE VERDICT BEING AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
VIII. WHETHER OR NOT THE CUMULATIVE EFFECT OF THE ERRORS DENIED WILLIFORD A FAIR TRIAL.
ANALYSIS
I. WHETHER WILLIFORD WAS DENIED HIS CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL.
¶ 7. Williford claims he was denied his constitutional right to a speedy trial. The crime was committed on March 1, 1997. He was brought in for questioning the same day and released. He was formally charged and arrested on January 21, 1998, and tried on October 9, 2000. He argues that he was prejudiced by this lengthy delay because his witness could not testify and that other witnesses’ memories had faded.
¶ 8. Williford’s constitutional right to a speedy trial attached at the time of arrest. Smith v. State, 550 So.2d 406, 408 (Miss.1989). Once the right attaches, the Mississippi Supreme Court will follow the test established by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 515, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to determine whether there has been a violation of a defendant’s constitutional right to a speedy trial. This right exists separately from the statutory right to a speedy trial. Bailey v. State, 463 *18 So.2d 1059, 1062 (Miss.1985). Here, Willi-ford asserts only his constitutional right to a speedy trial, not the statutory right.
¶ 9. In Barker, the United States Supreme Court held that a reviewing court should consider the following factors: (1) length of delay, (2) reason for delay, (3) whether the defendant asserted his/her right to a speedy trial, and (4) whether the defendant was prejudiced by the delay. Barker, 407 U.S. at 515, 92 S.Ct. 2182. Barker set out a balancing test, delineating the four factors to be weighed. Bailey, 463 So.2d at 1062. Yet, no one factor alone is dispositive. Id. The factors must be considered individually, assessed both objectively and dispassionately, then weighed and balanced together. Flores v. State, 574 So.2d 1314, 1322 (Miss.1990). Applying the four-part analysis set out in Barker, we now turn to Williford’s case.
A. Length of Delay.
¶ 10. The first Barker factor operates as the “triggering mechanism.” Smith v. State, 550 So.2d 406, 408 (Miss. 1989). The claimed length of delay must be calculated from the date Williford was formally accused and arrested. Lightsey v. State, 493 So.2d 375, 378 (Miss.1986). The court in Smith held “that any delay of eight (8) months or longer is presumptively prejudicial.” Smith, 550 So.2d at 408. Williford was questioned and released on March 1, 1997, but not formally accused and arrested until January 21, 1998. He was then tried on October 9, 2000. The term between his arrest and the trial raises a presumptively prejudicial issue and triggers the Barker analysis.
¶ 11. Williford does not make an issue of the time period between the indictment and the trial date, but focuses on the time between the arrest and the indictment. Over seventeen months elapsed from the time of Williford’s arrest until his indictment on July 16, 1999. We presume prejudice and proceed with the analysis of the other factors.
B. Reason for Delay.
¶ 12. Delays not attributable to the defendant are counted against the State ■ unless the State can show good cause. Vickery v. State, 535 So.2d 1371, 1377. (Miss.1988). Moreover, “negligence in causing the delay is weighed against the State, although not heavily.” Perry v. State, 637 So.2d 871, 875 (Miss.1994). “However, a bad motive on the prosecution’s part significantly affects the balancing test.” Perry v. State, 419 So.2d 194, 199 (Miss.1982). The United States Supreme Court has acknowledged that an intentional delay by the prosecution in order to gain a tactical advantage is improper. United States v. Marion, 404 U.S. 307, 324, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). However, “where the delay is neither intentional or egregiously protracted, and where there is no showing of actual prejudice, the balance is struck in favor of rejecting the defendant’s speedy trial claim.” Rhymes v. State, 638 So.2d 1270, 1275 (Miss.1994).
¶ 13. Williford cites no . deliberate or malicious activity on the part of the State in delaying his trial, nor does he point to any other bad faith on the part of the State. Williford does argue that the seventeen month delay was due to negligent case management by the’sheriffs department. The record does reflect that the lead investigator received confirmation of the DNA results on November 13, 1997, and he had a warrant issued. On November 24, 1997, he turned that warrant over to the fugitive division. The lead investigator’s last working day was two days later. Apparently through possible mismanagement, from the date the lead investigator terminated his employment, no one *19 actively worked on the file. The victim inquired about her case in June of 1999, and the file was located in the drawer of the desk of the departed lead investigator. The trial court ruled this was an inadvertent oversight and reasoned that sometimes when there is a turnover or change in personnel things will be left undone.
¶ 14. Although there was an extensive delay because of the negligent case management, the delay was not egregious nor an intentional effort to gain any advantage over Williford. Thus, this factor does not weigh heavily against the State.
C. Assertion of right to a speedy trial.
¶ 15. While Williford may have some responsibility to assert a speedy trial claim, the primary burden is on the courts and the prosecutors to assure that they bring eases to trial. Flores v. State, 574 So.2d 1314, 1323 (Miss.1990). Williford failed to assert his right to a speedy trial until three days before the date of the trial. Furthermore, he was out on bail during this time. Williford has failed to timely request a speedy trial. Thus, this factor favors the State.
D. Whether the defendant has been prejudiced?
¶ 16. Williford claims that the delay prejudiced him because one of his witnesses could not testify. According to Wil-liford’s testimony, his witness, Mr. Tuggle, was injured in an accident around the time of the offense and could not recall certain facts and events. Because of his injuries, Mr. Tuggle would not have been able to testify even if the case would have gone to trial within two months of the incident. We find this contention is without merit.
¶ 17. Furthermore, Williford asserts that at trial witnesses testified that the time lapse had an adverse effect on their memories. Looking at the totality of the circumstances, the memories of the witnesses were not affected to his disadvantage. Therefore, the delay was not prejudicial to Williford. “Where the delay is neither intentional nor egregiously protracted, and there is a complete absence of actual prejudice, the balance is struck in favor of rejecting a speedy trial claim.” Perry v. State, 637 So.2d 871, 876 (Miss. 1994). Thus, under the totality of the Barker■ factors, weighed and considered together, we hold that the balance is struck in favor of. the State. Therefore, we find no merit to Williford’s claim of denial of a constitutional right to a speedy trial.
II. WHETHER OR NOT THE TRIAL JUDGE ERRED WHEN HE ADMITTED EVIDENCE THAT WILLI-FORD SMOKED CRACK COCAINE THE NIGHT OF FEBRUARY 28TH AND THE EARLY MORNING OF MARCH 1,1997.
¶ 18. Williford’s motion in limine to suppress evidence of his statement to the deputy concerning his use of crack cocaine was overruled. Williford argues that he was denied his right to a fair trial when the deputy testified that Williford told him that he smoked crack cocaine the night before the victim was raped.
¶ 19. The Mississippi Supreme Court has held that the “[a]dmission or suppression of evidence is within the discretion of the trial judge and will not be reversed absent an abuse of that discretion.” Sumrall v. Mississippi Power Co., 693 So.2d 359, 365 (Miss.1997). In the present case, the trial judge conducted a Mississippi Rules of Evidence 403 balancing analysis. The trial judge found that the probative value was not substantially outweighed by the danger of unfair prejudice.
¶ 20. Although it was error to allow introduction of the evidence of another *20 crime, it was harmless. The Mississippi Supreme Court-has ruled that:
an error is harmless when it is apparent on the face of the record that a fair-minded jury could have arrived at no verdict other than that of guilty. Floyd v. City of Crystal Springs, 749 So.2d 110, 120 (Miss.1999). [The Mississippi Supreme Court] has previously held that “[w]here the prejudice from an erroneous admission of evidence dims in comparison to other overwhelming evidence, the Mississippi Supreme Court has refused to reverse.” Carter v. State, 722 So.2d 1258, 1262 (Miss.1998).
McKee v. State, 791 So.2d 804, 810 (¶ 24) (Miss.2001).
¶21. The victim’s home was entered illegally and she was forcibly raped. Immediately after the rape, the assailant took forty dollars from the purse of the victim while threatening her. The evidence showed that Williford was found across the street soon after the incident occurred. He also matched the victim’s description of the assailant’s height, hair style, shirt, pants, and shoes. More importantly, a DNA expert testified that the chance that Williford was not the assailant was one in 2.8 billion in the African American population. The evidence of Williford’s guilt is overwhelming; therefore, no reasonable jury could return a verdict other than guilty.
¶ 22. We find that the prejudice, if any, from the erroneous admission of the deputy’s testimony, was harmless beyond a reasonable doubt because of the overwhelming weight of the evidence against Williford. Watts v. State, 717 So.2d 314, 323 (¶ 23) (Miss.1998). Therefore, we hold, that the trial court did not commit reversible error by admitting the prior bad acts evidence. We find the assignment of error without merit.
III. WHETHER OR NOT THE TRIAL JUDGE ERRED WHEN HE DENIED WILLIFORD’S REQUEST FOR A CAUTIONARY INSTRUCTION.
¶ 23. Williford argues that the trial judge erred in denying his request for a cautionary instruction informing the jury not to consider his use of crack cocaine as substantive evidence on the issue of whether or not Williford was guilty of burglary, robbery, and rape.
¶ 24. The Mississippi Supreme Court has held that whenever Rule 404(b) evidence of another crime is offered, a cautionary instruction must be given to the jury. Watts v. State, 635 So.2d 1364, 1369 (Miss.1994). While the law requires a cautionary instruction if evidence of another crime is admitted, the failure is subject to a harmless error analysis. Watts v. State, 717 So.2d 314, 323 (¶ 22-23) (Miss. 1998). As stated above in McKee, an error is harmless when it is apparent on the face of the record that a fair-minded jury could have arrived at no verdict other than that of guilty. McKee, 791 So.2d at 810 (¶ 19).
¶ 25. In the present case, a reasonable jury relying on the overwhelming evidence could have arrived at no verdict other than guilty. Although it was error to not give a cautionary instruction, it was harmless beyond a reasonable doubt because of the overwhelming weight of the evidence against Williford.
IV. WHETHER OR NOT THE TRIAL COURT ERRED WHEN IT ADMITTED PHYSICAL EVIDENCE SEIZED FROM WILLIFORD.
¶ 26. Williford claimed that he did not consent to having his blood tested. He stated that he was not informed that his blood would be tested. Further, he argued that the consent form he signed did not contain words that would have informed him that the purpose of the blood *21 samples was to assist law enforcement in an investigation.
¶ 27. According to the record, the officer gave Williford his constitutional rights and questioned him about the rape of the victim at 2:43 P.M. The officer then asked Williford if he would consent to a search, and sign a consent form. Williford verbally agreed and also signed the consent form. They drove to a hospital and a blood sample was taken at 4:10 P.M.
¶ 28. Those facts in the record support a reasonable inference that Willi-ford knew the blood sample was being taken to aid the investigation of the rape of the victim. It further supports a finding that Williford consented to giving the blood sample and no warrant was required to test the blood. “A voluntary consent to a search eliminates an officer’s need to obtain a search warrant.” Morris v. State, 777 So.2d 16, 26 (¶ 44) (Miss.2000). Therefore, the trial judge did not abuse his discretion in admitting the physical evidence.
V. WHETHER OR NOT THE TRIAL JUDGE ERRED WHEN HE ADMITTED TESTIMONY BY JOHN QUILL ABOUT THE STATISTICAL PROBABILITY OF THE DNA SAMPLES.
¶ 29. Williford contends that the trial court erred in permitting Agent Quill to testify as to his opinion concerning the statistical probability of Williford being the source of semen found on the victim’s body. He argues that Agent Quill was not tendered to the trial court as an expert in statistics, but instead as an expert in DNA analysis. Additionally, Williford argues that Agent Quill should not have been allowed to testify to the use of statistics because he has not published any papers on population genetics. Agent Quill relied on statistical data created and validated by other statistical experts. In his analysis, the agent compared Williford’s DNA with the-DNA found on the victim. Agent Quill testified that the possibility of the DNA profile taken from the evidence found on the victim belonging to someone other than Williford was one in 2.8 billion in the African American population.
¶ 30. The trial court has discretion in determining whether a proposed expert witness is qualified to testify. Hall v. State, 611 So.2d 915, 918 (Miss.1992). This Court should not reverse the trial court’s ruling unless it can be shown that the trial judge abused his discretion, or that the proposed expert was clearly not qualified. Genry v. State, 735 So.2d 186, 198 (¶ 60) (Miss.1999).
¶ 31. The case of Baldwin v. State determined this particular issue. Baldwin, 757 So.2d 227 (Miss.2000). In Baldwin, the trial court allowed an individual, who was qualified as an expert in molecular biology and DNA analysis, to testify as an expert to the population frequency of a DNA match. Id. at 231-33 (¶ 11-24). The court held in Baldwin that this was not outside the scope of the agent’s expertise, even though the expert relied on population databases created and validated by other statistical experts. Id. The court found that DNA experts in the routine course of their analysis use prepared population databases to determine the population frequency of a particular match, and testify to statistical probabilities based on those databases. Id.
¶ 32. In the present case, Agent Quill has over twenty seven years experience with the FBI including training in both DNA analysis and the use of statistical data. He has testified at least 150 times regarding DNA analysis and the use of statistical data, including cases in Mississippi. Therefore, according to Baldwin, it was not an error or an abuse of discretion for the trial judge to accept Agent Quill as an expert or to permit him to *22 testify as to the frequency of a DNA match.
VI. WHETHER OR NOT THE TRIAL JUDGE ERRED IN GRANTING THE STATE’S JURY INSTRUCTION AS TO THE ELEMENTS OF ROB- ■ BERY.
•, ¶ 33. Williford alleges Jury Instruction 15, concerning the elements of robbery, should not have been granted because the State failed to offer any direct proof that the money was taken by force or violence.
¶34. The Mississippi Supreme Court has held that “an instruction is sufficient when it follows the language of the pertinent statute.” Sanders v. State, 586 So.2d 792, 796 (Miss.1991). Jury Instruction 15 properly sets forth the elements of robbery as stated in Miss. Code Ann. § 97-3-73 (Rev.2000), and the standard of proof, i.e., beyond a reasonable doubt, the State must meet as to each element. We find that the jury could reasonably infer from the evidence presented that Williford committed robbery. Mississippi Code Annotated section 97-3-73 (Rev.2000).provides:
Every person who shall feloniously take the personal property of another, in his presence or from his person and against his will, by violence to his person, or by putting such person in fear of some immediate injury to his person shall be guilty of robbery.
(emphasis added).
¶ 35. “The elements of robbeiy are felonious intent, force, or putting in fear, and carrying away the property of another as a result of the force or fear.” Glenn v. State, 439 So.2d 678, 680 (Miss. 1983). “If putting in fear is relied upon, it must be the fear under duress of which the owner parts with possession.” Register v. State, 232 Miss. 128, 132, 97 So.2d 919, 921 (1957).
¶ 36. The evidence showed that money was feloniously taken from the purse of the victim in her presence and against her will, while she was in fear of immediate injury to her person. After being forcibly raped, the victim testified that her attacker told a third person to shoot her if she got up. After looking in her purse, he said he would kill her for not having any money. He then took forty dollars from her purse. As he was leaving, he said he was an escaped prisoner and told the third person to “blow her brains out if she tried to get up.” The evidence here sufficiently warrants the instruction as to the elements of robbery. We find no merit to this assignment of error.
VII. WHETHER OR NOT THE TRIAL JUDGE ERRED WHEN HE DENIED WILLIFORD’S MOTION FOR A NEW TRIAL ON THE BASIS OF THE VERDICT BEING AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 37. Williford claims the verdict was against the overwhelming weight of the evidence. He claims the State failed to prove the required elements for each crime charged.
In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice.
Eakes v. State, 665 So.2d 852, 872 (Miss. 1995).
¶ 38. The evidence in the record was sufficient to support the jury verdict on all counts. The verdict was not against the overwhelming weight of the evidence. Therefore, there was no abuse of discretion on the part of the trial judge.
*23 VIII. WHETHER OR NOT THE CUMULATIVE EFFECT OF THE ERRORS DENIED WILLIFORD A FAIR TRIAL.
¶ 39. Williford claims the cumulative effect of the errors denied him a fair trial. The cumulative effect of the errors committed during the trial, did not deprive Williford of a fair and impartial trial. The admission of another crime and the failure to give a cautionary jury instruction 'amounted to harmless error not reversible error because of the overwhelming weight of the evidence of his guilt. Harmless errors are deemed to be no error at all. Milano v. State, 790 So.2d 179, 194 (¶ 73) (Miss.2001). Where there is “no reversible error in any part, ... there is no reversible error to the whole.” McFee v. State, 511 S6.2d 130, 136 (Miss.1987). This assignment of error is without merit. Finding no error, we affirm.
¶ 40. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF COUNT I BURGLARY OF A DWELLING AND SENTENCE OF TWENTY FIVE YEARS; COUNT II RAPE AND SENTENCE OF THIRTY FIVE YEARS; COUNT III ROBBERY AND SENTENCE OF FIFTEEN YEARS, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH ALL SENTENCES TO RUN CONCURRENTLY TO EACH OTHER IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.